ALEXANDER *v.* BAILEY & TURLEY.

REDEMPTION OF LAND. *Mistake. In Sheriff's return. Correction of. Its effect.* Where a party failed to redeem land in time, because he was misled by the records of the court, upon which was spread the time of the sale, as taken from the sheriff's false return, it stating a time subsequent to the proper time, will not be deprived of his right of redemption if he tender his money within the two years from the first entry, though the record be afterward changed so as to speak the proper date, he being ignorant of such alteration until too late.

FROM KNOX.

Appeal from the decree of the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

CALDWELL & SON and O. P. TEMPLE for complainant.

HENDERSON & JOUROLMON, H. H. TAYLOR and T. S. WEBB for defendants.

FREEMAN, J., delivered the opinion of the court.

The tract of land in controversy in this case was sold by the Sheriff of Knox county May 23, 1874, under two orders of sale from this court. It was purchased on that day by respondents, they bidding $247.65 for the same. The money was not paid at the time of the purchase, the sheriff agreeing to a postponement until the return day of the process, with the understanding that he was to notify the purchasers when the money was wanted, and they were to pay it promptly on such notice, which was afterward done. The sheriff did not make his return until the 12th of September, when he returned the process with an endorsement that the land had been sold on that day, instead of the real day of sale, 23d of May before. There is no ground for suspicion that this was done, however, with the knowledge or under the direction of the purchasers at the time; nor did either of them probably know of the error in the return until not long before the May term of this court in 1876. At this term, at the suggestion of Bailey, it was amended by permission of the court, on application of the sheriff, so as to show the true date of the sale.

In the meantime it appears that Kennedy, who was the agent of Alexander in Knox county—Alexander himself residing in Georgia—having heard of the sale of the land, went to J. F. Deaderick, clerk of this

court, who showed him the execution docket, and gave him a copy of the entries, showing the amount of the bid and cost, together with the day of sale, as it then appeared, to-wit, 12th of September, 1874, which memoranda he kept, and files it with his deposition. He swears most definitely that he only learned the date of the sale from this, and had no knowledge whatever of it having been on the 23d of May until after refusal of parties to allow redemption proposed by him on the 27th of May, 1876, when he was told it was too late, the time had expired. Soon after this he found the amended return, a sheriff's deed having been made and registered soon after the expiration of the two years. An action of ejectment was commenced by the purchasers which this bill seeks to have enjoined, and to be permitted to redeem the land.

It is conceded rightfully in argument that at law the right to redeem is gone, and that the only claim of complainant is based on the assumed equity growing out of the accident, in the sense of a court of chancery, of the original return of the sheriff showing the sale of the land to have been made on the 12th of September, 1874, thus giving two years from and after that date in which to exercise the right. This, in connection with the fact of non-residence of the owner of the land, and want of personal knowledge of the true time of the sale by his agent, must make out complainant's case, if it is to be sustained.

We proceed to the examination of this as the only real question, perhaps, in the case. Can the case be brought fairly within the principle of an accident as

known to the law? This term, in our jurisprudence, means "not merely inevitable casualty, or the act of God, or what is called *vis major* or irresistible force, but rather, such unforeseen events, misfortunes, losses, or omissions, as are not the result of any negligence or misconduct in the party who seeks the relief. The party must, in addition, show a conscientious title to relief. Wait's Actions and Defenses, vol. 1, 162; Story's Equity, vol. 1, sec. 78.

It is pretty clearly made out by the weight of proof in this case, that the agent was misled by the return of the sheriff as to the true date of the sale. Such we take to be the most natural construction of the testimony. He had gone to the record required to be kept by law, and had learned from the sworn official return of the sheriff the date of an official act done by him in the regular course of his duty, and we think the proof warrants the conclusion that he had relied on this, and been guided by it in fixing the time in which the redemption must take place.

While it is true this return makes no necessary link in the title of the purchaser, still we think it was the best source of information, and the most natural one to which a party might look for certain knowledge as to what had been done, and when it was done, by that officer. It is true other sources of information existed, but they were of an inferior character to this. The advertisement might have been looked to, but this would have been probably more difficult to find, and besides, only showed when a sale was proposed to be made; in addition, it was but an

official act of the sheriff showing this purpose. The return was equally a sworn official act, and being required by law, as a statement of the fact as it had occurred, and after it had been done, was surely the highest as well as the most acceptable source of information the case presented. The party who goes to this source of information has been guilty of no negligence or misconduct in seeking to ascertain his rights. He has done all a prudent man could be required to do in this respect. From and by the information thus gained he has been misled, has suffered injury, and is threatened to be deprived of a right that otherwise would have been secured. This erroneous return of the sheriff was an event that could not have been foreseen, nor reasonably suspected. It was such an omission and failure to perform his duty correctly as could not have been anticipated. In fact, it is almost if not quite an axiom of our law, that all presumptions are in favor of the regularity and correctness of the acts of a public officer.

But it may be said the purchasers were not responsible for nor chargeable with any duty whatever in seeing that the sheriff made a truthful return of what he had done. This is true. But when this is conceded, it does not follow that when he has wrongfully returned the history of his acts, that another party is entitled to reap an unconscientious advantage from this wrongful act, notwithstanding the fact that he was not bound to see it rightfully done. Both parties may be assumed to be equally free from actual blame so far as the erroneous statement was concerned,

but why should one reap an advantage when the other was evidently misled and deceived by the officer on whom both might equally have relied?

The modern doctrine that spoliation or alteration of a writing by a third party does not avoid it, is based on a principle analogous to the one stated. It is that it is repugnant to common sense and justice that an injury should be inflicted on an innocent party by mistake or erroneous act of a third in which he did not participate. See 10 Hum., 70, Cooper's Ed.

It must be conceded the equity would be much stronger if the purchasers had in any part directly contributed to or induced the wrongful act of the sheriff. This, however, can hardly be said, strictly speaking, to have been the case. It does appear, however, that at their request and for their benefit, the sheriff did not require the money to be paid in cash on the day of sale. This indulgence, while it was not the cause of the false return in the sense that it either necessarily produced it, or naturally tended to do so, so that it could have been reasonably anticipated as the result of it, yet, as it turned out, was the occasion of the false return. If the money had been paid at the time, no doubt the sheriff would have returned the fact with the proper date of its receipt. But on account of the delay, when he did make the return, on the 12th of September, he carelessly stated the sale to have occurred then, instead of the true date, a thing, as we have said, not likely to have occurred if the delay had not been granted; so that in this sense the delay given at the instance

.and for the benefit of the purchasers has been the cause of the erroneous return, and this return, so brought about, has misled the complainant, and that without any neglect on his part, or rather that of his agent, who represented him.

For these reasons we conclude the right to the relief sought is sustained. We may add that no one will be injured by this, purchasers will get their money back, and the complainant will only stand where he would have stood if the truth of the case had been known to him, or he misled by an omission which he could not have prevented, and for which he was in nowise responsible.

We do not think there is anything in the suggestion that the costs of registration of the sheriff's deed was not tendered with the bill. The purchasers put their claim originally on the ground that the time had expired when the redemption was proposed, and should be held to stand by the ground then taken.

The decree of the Chancellor will be affirmed.