## RAINBOW COAL & MINING COMPANY *v.* MARTIN.

[No. 5,353.   Filed June 6, 1905.]

MASTER AND SERVANT. — *Employers' Liability Act.* — *Negligence of Superintendent.*—*Evidence.*—Where the evidence shows that the plaintiff, a servant in defendant's mine, was ordered by defendant's superintendent to hold a block while such superintendent struck such block with a sledge; that the superintendent missed the block and hit the plaintiff, inflicting injuries, defendant is not liable under the employers' liability act (§7083 Burns 1901, cl. 2, Acts 1893, p. 294, §1) providing that where an injury results from the negligence of any person in the service of the corporation, to whose order the servant was bound to and did conform, such corporation is liable, since no negligence is shown in the giving of the order by the superintendent, and the accident could not reasonably be anticipated, and no negligence was shown in striking plaintiff with the sledge.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Action by John W. Martin against the Rainbow Coal & Mining Company. From a judgment for plaintiff on a verdict for $300, defendant appeals. *Reversed.*

*John S. Bays, Lee F. Bays* and *Elmer E. Stevenson,* for appellant.

*J. W. Lindley,* for appellee.

WILEY, C. J.—Appellee recovered a judgment in the court below against appellant for injuries alleged to have been received through the negligence of appellant's superintendent. The complaint was in a single paragraph, to which a demurrer was overruled. Appellant answered by a general denial. Trial by jury, resulting in a general verdict for appellee. Appellant's motion for a new trial was overruled. The errors assigned assail the sufficiency of the complaint and the overruling of a motion for a new trial.

It is charged in the complaint that George Lott was the superintendent of appellant's mine, and on the 22d day of December, 1903, and for a long time prior thereto,

appellee had been employed by appellant to work in and about its mine as a carpenter; that on said day he was bound to conform and did conform to the orders and directions of said Lott; that while he was in the exercise of due care and diligence he was injured, in the following manner, to wit: "That on said day it became necessary to remove a piston-rod from one of the engines at said mine, and it became necessary to drive, by means of force, said piston-rod from a steam chest in which it was located; that said Lott directed this plaintiff to hold a piece of wood or block upon or against the end of said piston-rod while he, said Lott, should drive said piston-rod from said steam chest by means of blows administered to the end of said block or piece of wood by a sledge-hammer, then and there at hand, and used by said Lott for that purpose; and now the plaintiff says that while he, said plaintiff, was holding said block or piece of wood upon and against the end of said piston-rod, and while this plaintiff was in the exercise of due care and diligence, and while this plaintiff was bound to and did conform to the orders and directions of said Lott in that behalf, and while said Lott administered blows on said block or piece of wood, forcing said piston-rod from said steam chest by means of said sledge-hammer, as aforesaid, Lott carelessly and negligently struck a blow at said block or piece of wood, missing the same, and hitting this plaintiff just below the pit of the stomach," etc., by which he was injured.

From the view of the law we have taken, we do not deem it necessary to pass upon the sufficiency of the complaint. Conceding, without deciding, that the complaint states a cause of action, we are of the opinion that, under the evidence, appellee can not recover. Appellee bases his right of action upon the second clause of §7083 Burns 1901, Acts 1893, p. 294, §1, usually designated as the employers' liability act. The act provides that every railroad or other corporation, excepting municipal, shall be liable for dam-

ages for personal injuries suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence as follows: "Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform."

The undisputed facts, as disclosed by the evidence, as to the manner in which appellee was injured, may be briefly stated as follows: Appellee was in the employ of appellant as a carpenter, and was engaged in that work for the appellant at the time he was injured. He was fifty-one years old, and had been working for about twenty-five years as a carpenter. Under his employment he was required to do his principal work on what is called the top or outside of the underground work. On the day he was injured, he was engaged in assisting George Lott in fixing a steam chest, which needed attention. Lott was the superintendent of appellant's mine, and had been acting in that capacity for about a year. Lott and appellee were engaged in fixing the steam chest. Lott and appellee undertook to put the piston-rod through the steam chest. They had tried to move it, and it would not move. Lott asked appellee to make a peg and stop up one end of the pipe so he could turn the steam in and see if that would move it. The steam failed to move the rod, and, after trying various ways to remove it, Lott asked the appellee to get a block of wood, and told him to hold it against the end of the rod so that he could drive it out. The rod was metal, and the purpose of putting the block of wood against the rod was to prevent the hammer from battering the end of it. The block was square, and about ten inches long, and five or six inches wide. The end of the rod upon which the block was placed was about three inches in diameter. While appellee was holding the block in his hand against the end of the rod, Lott commenced striking

the block with the hammer. He had struck it a few times, when the hammer made a glancing lick, which caused it to glance off of the block and strike the appellee. The blow staggered him back, and Lott grabbed him at once, and exclaimed: "Lord of mercy, I would not have done that for anything." Appellee continued to work that afternoon, and the evidence shows that he was kept away from his work about three or four days on account of the accident. After continuing in appellant's service for some time, he quit work and brought this action. These are the undisputed facts, except as to the question of the extent of appellee's injury, which we need not consider.

The complaint avers that Lott carelessly and negligently struck a blow at the block of wood which appellee was holding against the pipe, and missed it. No charge is made in the complaint that Lott was incompetent to handle a hammer in the manner indicated, and the evidence wholly fails to show any actionable negligence in the giving of the order to appellee to get and hold the block, or on the part of Lott in striking the blows with the hammer. The kind of work that these two men were engaged in did not require any special skill. The accident—for it was nothing more than a mere accident—which resulted in appellee's injury was one which could not have reasonably been anticipated, and the evidence wholly fails to show any active negligence on the part of Lott for which appellant can be held answerable. This leads us to the conclusion that the evidence is not sufficient to sustain the verdict, in that no actionable negligence on the part of appellant or Lott is shown. *Wilkinson, etc., Glass Co.* v. *Dickinson* (1905), *ante,* 230.

The judgment is reversed, and the trial court is directed to sustain appellant's motion for a new trial.