[No. 20508.   Department One.   October 4, 1927.]

ANDREW DEPRE, *Appellant*, v. PACIFIC COAST FORGE
COMPANY, *Respondent*.[1]

[1] EVIDENCE (16)—JUDICIAL NOTICE—ADMINISTRATIVE RULES AND
REGULATIONS.  The courts will take judicial notice that the con-
traction of tuberculosis, through gases and vapors in a ser-
vant's working place, has never been recognized by the depart-
ment of labor and industries as a fortuitous event for which
compensation may be given under the industrial insurance act.

[2] MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION ACT—
FORTUITOUS EVENT.  The contraction of tuberculosis, through
gases and vapors in a servant's working place, is not a "for-
tuitous event" or "accident" as defined in the workmen's com-
pensation act, Rem. Comp. Stat., § 7675, making the terms
synonymous, and distinguishing them from "disease," for which
compensation can be given.

Appeal from a judgment of the superior court for
King county, Findley, J., entered November 6, 1926,
upon sustaining a demurrer to a complaint, dismissing
an action for personal injuries.  Reversed.

*Guie & Guie*, for appellant.

*Bogle, Bogle & Gates* and *Edward G. Dobrin*, for
respondent.

*The Attorney General* and *Mark H. Wight, Assist-
ant, amici curiae.*

ASKREN, J.—Plaintiff was employed by the defend-
ant for a period of twenty-three months in a room
where there was a tank into which was poured each
day a large quantity of sulphuric acid and muriatic
acid.  He brought this action for damages, claiming
that gases and vapors were released in the room where
he worked which inflamed and affected his lungs and
lessened his resistance to tuberculosis, as a result of

[1]Reported in 259 Pac. 720.

which he contracted that disease, rendering him permanently incapacitated. The complaint charged negligence in failing to provide the workroom with sufficient ventilation and alleged a request for such ventilation and a promise by the defendant to provide it. A demurrer to the complaint was sustained, and plaintiff refusing to further plead, judgment of dismissal was entered. This appeal followed.

[1] Respondent, in seeking to uphold the judgment of the trial court, insists that the workmen's compensation act is a complete defense to the action, and that appellant, by its terms, is entitled to compensation from the state. The workmen's compensation act has been in existence some sixteen years, and, in all the numerous cases brought to this court, this is the first time it has been contended that a disability such as appellant suffered came under its provisions.

It is also a matter of common knowledge, of which we will take judicial notice, that the commission empowered with the duty of administering the act has never recognized such cases as within the purview of the legislative enactment. There has been no change in the provisions as to such cases during that time, and it must therefore be logically assumed that its administration has been in accord with the intent of that body.

[2] These recited facts indicate very strongly that the present action is not one that comes within the purview of the workmen's compensation act.

To justify its contention, respondent cites liberally from several of our decisions construing the act, notably *State ex rel. Davis-Smith Co. v. Clausen*, 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466, where we said that its purpose is to furnish a remedy "regardless of the manner in which the injury was received"; *Peet v. Mills*, 76 Wash. 437, 136 Pac. 685, Ann. Cas.

1915D 154, L. R. A. 1916A 358, where we said that the act substituted a new remedy "reaching every injury sustained by a workman while employed in any such industry, regardless of the cause of injury or the negligence to which it might be attributed"; and *Ross v. Erickson Construction Co.*, 89 Wash. 634, 155 Pac. 153, L. R. A. 1916F 319, where the act was said to be "designed to compensate an injured workman without reference to the manner of his injury. . . ."

These statements, of course, are general in character, and refer only to such injuries as are covered by the act. Rem. Comp. Stat., § 7675 [P. C. § 3470], designates and interprets the word "injury" as used in the act, as follows:

"The words 'injury' or 'injured' as used in this act refer only to an injury resulting from some fortuitous event as distinguished from the contraction of disease. . . ."

We have had occasion to interpret the phrase "fortuitous event" as used in the act. In *Zappala v. Industrial Insurance Commission*, 82 Wash. 314, 144 Pac. 54, L. R. A. 1916A 295, it is defined as follows:

"Fortuitous is defined as: 'Occurring by chance as opposed to design; coming or taking place without any cause; accidental; casual;' and a fortuitous cause is said to be, 'a contingent or accidental cause.' Standard Dictionary.

"So that, so far as concerns the class of injuries for which acts of this character provide compensation, no sound distinction can be made between those resulting from accident and those resulting from some fortuitous event."

In every case in which it has been necessary for this court to determine if there had been an injury resulting from a fortuitous event, there has been a sudden

happening which immediately and directly caused bodily harm. An investigation of the act discloses that, in most of the sections, the injury sought to be compensated for is referred to as an "accident." It would be useless to attempt to reconcile our holdings along this line with some of the cases from other courts cited by respondent. An example of these is *Victory Sparkler & Specialty Co. v. Francks*, 147 Md. 368, 128 Atl. 635. There the plaintiff had contracted phosphorus poisoning by inhaling fumes negligently permitted to accumulate in the room where he worked. The appellate court held the injury to be an accident within the purview of the act. That decision appears to be contrary to the weight of authority. The expressions used in many of the cited cases are so conflicting that to try to reach a sound distinction between the various holdings would be futile. We think it sufficient to adhere to our former holding that "fortuitous event" and "accident," as used in the act, are synonymous, and that, to receive compensation from the state, there must be some unexpected or sudden happening from which a report or claim can be based which is referable to a definite time, place and cause.

It is also urged that appellant assumed the risk because, under the allegations of the complaint, he remained at work for a period of five months after promises to remedy the situation. It may be that this defense will prove to be good, when applied to the facts as they develop in the case, but we do not think that we can now hold it sufficient when urged against the pleadings. The point is so briefly argued, the pleadings so indefinite as to facts, that we feel justified in refusing to pass upon the question at this time.

Judgment reversed.

MACKINTOSH, C. J., FRENCH, MITCHELL, and FULLERTON, JJ., concur.