BEATY v. FOUNDATION CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COURT DOES NOT WEIGH EVIDENCE ON CERTIORARI.

On certiorari to review an award under the workmen's compensation act, the Supreme Court does not weigh the evidence tending to support the conflicting claims as to the cause of the employee's death, but only ascertains whether there was any evidence supporting the finding of the department of labor and industry that his death was the result of an accident.

2. SAME—CAISSON DISEASE MUST BE RESULT OF ACCIDENT TO BE COMPENSABLE.

That an employee's death was caused by caisson disease does not alone fix liability of the employer under the workmen's

On right and extent of review of findings of industrial commission in proceeding under Workmen's Compensation Law, see annotation in L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186.

compensation act, for said disease may be no more than an occupational resultant, whereas, to authorize compensation, said disease must have been caused by an accident, that is, by a fortuitous circumstance preventable and not prevented.

3. SAME—CAISSON DISEASE MAY BE OCCUPATIONAL OR MAY BE ACCIDENT.

Caisson sickness may, under some circumstances, be classed as an occupational disease, and, under other circumstances, be classed as an accident.

4. SAME—EVIDENCE TO BE CONSIDERED.

That a fellow employee did not suffer from caisson sickness after being exposed to the same conditions which caused deceased's death was merely a fact for consideration by the department, and the same may be said of previous caisson sickness experienced by deceased, and is not conclusive that the caisson sickness causing his death was not the result of an accident.

5. SAME—WHEN CAISSON DISEASE RESULT OF ACCIDENT.

If decompression of air in a lock box was dangerously rapid by reason of the use of a valve by an employee or by leakage around a hoisting rope, or both, and that particular instance caused caisson disease resulting in the employee's death, his death was the result of an accident within the meaning of the workmen's compensation act, unless he was guilty of intentional and wilful misconduct in operating the valve.

6. SAME—FINDING OF DEPARTMENT SUPPORTED BY EVIDENCE.

The finding of the department of labor and industry that worn packing around a hoisting rope let the air escape too rapidly from the lock box and that the sudden decompression occasioned thereby caused an employee to have an acute attack of caisson sickness, from which he died, *held,* supported by the evidence.

Certiorari to Department of Labor and Industry. Submitted October 16, 1928. (Docket No. 36, Calendar No. 33,892.) Decided December 4, 1928.

Ida M. Beaty and another presented their claim for compensation against the Foundation Company for the accidental death of their decedent in defend-

ant's employ. From an order awarding compensation, defendant and the Central West Casualty Company, insurer, bring certiorari. Affirmed.

*Beaumont, Smith & Harris* (*Albert E. Meder*, of counsel), for appellants.

*A. Joseph Seltzer*, for appellees.

WIEST, J. September 2, 1927, Frank O. Beaty was in the employ of defendant Foundation Company as a caisson worker, engaged in preparing footings for the Union Trust building in the city of Detroit. At the close of his work, at 4 o'clock in the morning of that day, he went home, there vomited, lost his vision and the use of his legs, and died at 1:30 o'clock in the afternoon. The cause of his death was the caisson disease called "bends," occasioned, usually, by too rapid decompression of air as the worker comes out of the caisson. The air in the caisson is compressed to the point where it will resist entry of water or oozing earth and sand, and a workman cannot enter the caisson except through a lock box or compartment in which air is gradually compressed to equal that in the caisson. When the workman comes from the caisson he enters the lock box or compartment, and there the air is gradually decompressed until it is safe for him to encounter ordinary atmospheric conditions. Too rapid decompression causes sickness and frequently death. The department found that the packing about the cable passing into the lock box leaked air and accelerated decompression to the point of causing the disease and the employee's death. Defendants contend that there was no accident and no evidence supporting the finding of the department.

As we understand it, a hoisting rope runs through the lock box and is used to lower and raise workmen in the caisson and take out earth; that compression in the caisson keeps the trap or door in the floor of the lock box shut until compression in the lock box equals that in the caisson and then the trap door may be opened. When the workmen ascend they are hoisted to the lock box, the trap door is closed, and the air in the lock box gradually decompressed to a point rendering it safe for workmen to leave the box. Where the hoisting rope passed through the lock box there was packing, and it is claimed that the packing had become worn and let the air escape from the lock box and this caused too rapid decompression. If such was the case, and that caused the death of Mr. Beaty, then compensation was properly awarded. Upon this question we do not weigh the evidence, but only ascertain whether there was any evidence supporting the finding.

The death of Mr. Beaty was caused by caisson disease, but that fact alone does not fix liability, for such disease may, under some circumstances, be no more than an occupational resultant, and it must be more than that in order to authorize compensation; it must have been occasioned by an accident, that is, by a fortuitous circumstance, preventable and not prevented. Caisson sickness may, under some circumstances, be classed as an occupational disease, and under other circumstances be classed as an accident. Caisson workers do sometimes have the sickness under ordinary conditions and modern protective methods, and when it so happens it is occupational. But when it is caused by a fixed and single fortuitous and preventable circumstance it is not an occupational disease but an accident within the meaning of the workmen's compensation law.

The principal hazard to caisson workers is in fitting their bodies to meet natural atmospheric conditions, and this is accomplished by gradual decompression of high air pressure in which they have had to work. If the workmen encounter natural atmospheric pressure while they carry appreciable compressed air conditions, they vomit, suffer pain in the joints, back, and stomach, have headache, nausea, sometimes paralysis of the legs, and blindness, and die.

Air compression in the caisson is measured in pounds. Informed of the pressure in the caisson, the board held that release from the pressure should not have been more rapid than at the rate of three pounds in two minutes, and, in this instance, the pressure was released in less than one-half the proper time. This finding was supported by evidence. That a fellow workman suffered no sickness was merely a fact for consideration by the board, and the same may be said of previous caisson sickness experienced by Mr. Beaty.

There was testimony by a workman, who was in the lock box, that Mr. Beaty had oakum with him for the purpose of stuffing the rope bearing to prevent too rapid escape of the compressed air, and that Mr. Beaty used the escape valve in releasing the air. There was also testimony that, while Mr. Beaty was in the lock box, the compressed air escaped about the rope to the extent of forcing shreds of oakum out of the stuffing box.

Whether decompression was in part by use of the valve is of no decisive moment. If the decompression was dangerously rapid by valve use, or leakage, or both, or by valve use alone, and that particular instance caused the caisson disease, then there was a compensable accident, unless Mr. Beaty was guilty

of intentional and wilful misconduct. There was no evidence of intentional and wilful misconduct.

The evidence supports the finding of the board that worn packing about the rope let the air escape too rapidly from the lock box and the sudden decompression occasioned thereby caused Mr. Beaty to have an acute attack of caisson sickness from which he died.

The award is affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.