NYQUIST *v.* IRON RIVER CREAMERY CO.

1. CUSTOMS AND USAGES—MASTER AND SERVANT—EVIDENCE—SUFFI-
CIENCY.

Testimony that arsenate of lead was at one time left at defend-
ant's branch plant for distribution to farmers, from whom it
purchased cream to manufacture into butter, and that an egg
crate was once left there by farmer, did not show custom on
part of defendant to accommodate farmers by storing articles
for them, especially where there was testimony that defend-
ant's president had objected to said storage of arsenate of
lead.

2. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPEN-
SABLE ACCIDENT—DEATH ARISING OUT OF EMPLOYMENT.

Where employee, in charge of branch plant for purchase of
cream and manufacture of butter, permitted quantity of dyna-
mite, caps, and fuses to be stored at plant by county agent,
without knowledge or consent of employer, employee's death,
few days later, caused by explosion, did not arise out of
employment, and therefore award for his death under work-
men's compensation act was properly denied.

Appeal from Department of Labor and Industry.
Submitted October 28, 1932. (Docket No. 57, Cal-
endar No. 36,551.)  Decided December 6, 1932.

Sandria Nyquist presented a claim against Iron
River Creamery Company, employer, and Century
Indemnity Company, insurer, for the accidental
death of her husband, Emil Nyquist. Award deny-
ing compensation is reviewed by plaintiff on ap-
peal.  Affirmed. ·

*C. D. Dwyer* and *Norman Trahair*, for plaintiff.

*Derham & Derham* and *Stevens T. Mason,* for defendants.

Butzel, J.  Sandria Nyquist brings certiorari in the form of an appeal from an award of the department of labor and industry denying her compensation on account of the death of Emil Nyquist, her husband, who was killed while employed by defendant Iron River Creamery Company.  Defendant's insurer is also made party defendant.  The decedent was first employed by defendant at its plant in Iron River, Michigan, but almost four years ago was sent by defendant creamery company to take charge of its branch plant in the neighboring city of Florence, Wisconsin.  It was his duty to purchase cream from the farmers and manufacture butter.  On September 10, 1931, some dynamite, caps, and fuses were left with decedent at defendant's branch plant by the county agent of Florence county.  This dangerous substance was stored by decedent without the knowledge or consent of his employer.  It was first placed in the office, but subsequently moved to another room.  A few days later an explosion occurred, and Nyquist was literally blown to pieces so that identification was established with difficulty. Plaintiff sought to show a custom on the part of defendant to accommodate farmers by storing articles for them.  It was shown that at one time during the summer of 1930, arsenate of lead for killing potato bugs was left at the Florence plant for distribution to farmers.  The natural inference would be that the good will of the farmers was sought by permitting articles to be left at the plant for their convenience.  However, plaintiff's attorney brought out on cross-examination of an adverse witness that the president of defendant com-

pany had objected to the storage of the arsenate of lead. It was also shown that an egg crate was once left by a farmer at the plant. These were the only instances shown of the leaving or storing of any articles or materials at the plant for the accommodation of farmers. Neither any custom of storing articles nor any authorization by the employer was shown. The testimony indicates that the accident arose in, but not out of, the course of employment. The storage of explosives of a highly volatile nature does not bear the remotest relationship to the purchase of cream and the manufacture of butter. There is no causal relation between the employment and the accident to the extent that it can be deemed that the injury was brought about by any unusual or additional exposure of the injured party to an underlying hazard or danger. *Stocker* v. *Southfield Co.*, 244 Mich. 13. There was testimony supporting the finding of the department of labor and industry, that the injury did not arise out of the course of employment, and we may not disturb the award denying compensation. *Beaty* v. *Foundation Co.*, 245 Mich. 256.

The award is affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.