**MARYLAND CASUALTY CO. v. PIONEER SEAFOODS CO. et al.**

No. 9388.

Circuit Court of Appeals, Ninth Circuit.

Nov. 25, 1940.

Rehearing Denied Jan. 14, 1941.

Kerr, McCord & Carey, Stephen V. Carey, and J. L. Collins, all of Seattle, Wash., for appellant.

Medley & Hanley, Edward F. Medley, and E. B. Hanley, Jr., all of Seattle, Wash., for appellee Pioneer Sea Foods Co.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

A declaratory judgment construing an employers' liability policy issued by appellant to appellee, Pioneer Sea Foods Company, was sought in this action brought by appellant.

In December, 1936, appellant issued an employers' liability policy to Pioneer Sea Foods Company, hereafter called the company, wherein appellant agreed

"I. To insure said named Assured against loss from liability imposed by law upon the Assured for damages (direct or consequential) on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered by any employee of the Assured * * * provided such bodily injuries or death are suffered as the result of accident occurring within the term of this insurance * * *

"III. To defend in the name and on behalf of the Assured any claims, suits or other proceedings which may at any time be instituted against the Assured on account of such injuries or death resulting therefrom, including claims, suits or other proceedings alleging such injuries or death and demanding damages therefor, although such claims, suits, proceedings, allegations and demands may be wholly groundless, false or fraudulent; * * *"

On April 12, 1938, appellee Hanseth, who was employed by the company as a gill netter and seaman, filed an action in a state court of Washington to recover damages, and alleged that the company furnished him sleeping quarters on a boat which "were improperly, carelessly and negligently constructed, equipped and maintained" in nine particulars, and that as a result of such negligence, his "health was so weakened and undermined that * * * (he) became physically weakened and his ability to resist germ invasion was almost completely destroyed; that by reason of said weakening * * * (his) susceptibility to the attack of the tubercular germ was raised to a high point" and that he contracted tuberculosis. The company tendered the defense of the action to appellant. Appellant declined to defend on the ground that Hanseth's affliction was not within the terms of the policy because not a "bodily injury accidentally suffered".

On December 16, 1938, appellant commenced this action for a declaratory judgment that it was not liable under the policy

for Hanseth's injury. The company answered praying for a judgment to the contrary.

On September 25, 1939, the court below found that "the contracting of tuberculosis in the manner and form alleged in Hanseth's said complaint was a 'bodily injury * *, * accidentally suffered' within the meaning of said policy of insurance, as to which a declaratory judgment is sought in this action", and entered judgment that appellant was liable to the company. Appellant brought this appeal.

■ On November 17, 1939, the company entered into a stipulation with Hanseth that a judgment for $2,500 might be entered against the company in the state court action. The state court thereupon found, upon Hanseth's testimony, that Hanseth "was accidentally injured * * * by the accidental discharge of gas fumes and oil from the engine of said boat into his quarters thereon and by the negligent failure of (the company) to supply proper, warm, dry and adequately ventilated sleeping quarters for (Hanseth) thereon, and by (the company's) negligent failure to furnish plaintiff with proper and sufficient food and nourishment". Judgment was entered on November 17, 1939, in favor of Hanseth and against the company. The company then moved this court to dismiss appellant's appeal on the ground that the state court judgment settled the issues in this appeal, that the controversy has become moot, and that this court is bound by the judgment in the state court.

The motion to dismiss the appeal is denied because the issues in the state court were not the same as those in the court below. In the state court, the issue was whether Hanseth was injured as a result of the company's negligence. In this action, the issue is whether the injury was sustained by Hanseth as a result of "accident" as that term is used in the policy in question.

■ Appellant contends that Hanseth's injury or disease was not sustained by "accident" within the meaning of the policy. Appellant insured the company "against loss from liability imposed by law upon the Assured for damages * * * on account of bodily injuries * * * accidentally suffered or alleged to have been suffered by any employee of the Assured * * *"" In simpler language, appellant is liable if (1) liability for damages was imposed by law upon the company for "bodily injuries * * * accidentally suffered"; or (2)

liability for damages was imposed by law upon the company for "bodily injuries * * * alleged to have been suffered". Whether the injuries resulted from "accident" is therefore immaterial under these provisions. However, the proviso requires such bodily injuries to be "suffered as the result of accident occurring within the term of this insurance". Therefore, since liability was imposed by law upon the company for Hanseth's bodily injuries, appellant is liable if such injuries were suffered "as the result of accident".

The problem here is one of interpretation of the contract, a question, the decision of which is controlled by state law. Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ In United States Mutual Accident Association v. Barry, 131 U.S. 100, 121, 9 S.Ct. 755, 762, 33 L.Ed. 60, it is said that "if, in the act which precedes the injury, something unforeseen, unexpected, unusual, occurs which produces the injury, then the injury has resulted through accidental means". That rule was approved in McNally v. Maryland Casualty Co., 162 Wash. 321, 325, 298 P. 721. A similar statement may be found in Horsfall v. Pacific Mutual Life Ins. Co., 32 Wash. 132, 72 P. 1028, 1029, 63 L.R.A. 425, 98 Am.St.Rep. 846, where it is said that an accidental death is "death from any unanticipated event, which happens as by chance, or which does not take place according to the usual course of things". Under this broad rule, the physical weakening of Hanseth was unforeseen, unexpected and unusual as to him, and therefore the bodily injuries were accidental. Under such a policy, whether the injury was suffered as a result of accident is to be determined from Hanseth's standpoint, or in other words, while the event which caused the injury was the company's negligence, the occurrence of the event as to Hanseth was accidental. Westerland v. Argonaut Grill, 187 Wash. 437, 60 P.2d 228.

In this connection, it was said in Carpenter v. Pacific Mut. Ins. Co., 145 Wash. 679, 684, 261 P. 792, 794: "* * * The germ enters from the outside; therefore it is external. It is a foreign substance forced into the circulatory system; therefore it enters by violence. Its entry was not intended or expected; therefore it was accidental."

Appellant contends that the cases decided under the workman's compensation act are

applicable here, and specifically relies on Depre v. Pacific Coast Forge Co., 145 Wash. 263, 259 P. 720, where a workman's resistance to tuberculosis was lessened by the breathing of fumes, and it was held that he could not recover under the workman's compensation act for tuberculosis subsequently contracted. Compare: Hadley v. Department of Labor and Industries, 174 Wash. 582, 25 P.2d 1031.

■ We are of the opinion that such class of cases is not controlling. While cases of that class are controlling in the determination of the question as to the proximate cause of death or injury (Kearney v. Washington National Ins. Co., 184 Wash. 579, 583, 52 P.2d 903), they are not controlling in the determination of the question as to what constitutes an "injury". Indeed the workman's compensation act specifically defines "injury", giving it a much narrower meaning than the meaning which we must attribute to the word in the policy. Howard v. Hollahan, 182 Wash. 693, 48 P.2d 230. We think the real basis of the decision in Depre v. Pacific Coast Forge Co., supra, was that the workman was unable to show the kind of injury required by the act.

■ There is nothing in the policy in question which limits the meaning of the word injury, and appellant does not contend that Hanseth was not "injured". Illustrative of state decisions are those in which recovery has been allowed for "accidental" injury or death, where the lifting of a heavy weight caused a heart ailment resulting in death;[1] where a blow on a person's back causing a bruise which developed into a carbuncle which became infected causing death;[2] where infection entered body through abrasions of skin of knuckles causing death;[3] and where one was injured by drinking wood alcohol which he thought was Scotch whiskey.[4] We think the court below did not err and the judgment is
Affirmed.

WILBUR, Circuit Judge, (dissenting).

I dissent. The basic question is as to whether the Casualty Company was bound by contract to defend a certain action against the Sea Foods Company by one Hanseth, whose complaint alleged that he was suffering from tuberculosis contracted while he was employed by the latter company on its fishing boat as a result of its negligence in supplying him with unhealthful sleeping quarters and insufficient nourishment.

The answer to this question depends upon the construction of a policy of insurance issued by the Casualty Company to the Sea Foods Company. That in turn depends upon whether Hanseth's affliction if caused as alleged, was included within the meaning of the words "bodily injuries accidentally suffered". The court below held that it was.

The case is of course governed by the law of Washington, where the contract was made, and this action instituted. Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

A preliminary question that may well be considered is as to whether tuberculosis negligently caused is a bodily injury for which the party whose negligence caused it would be liable under Washington law. The answer must be in the affirmative. The point was squarely decided in Depre v. Pacific Coast Forge Co., 145 Wash. 263, 259 P. 720, in which the court held that the trial court had erred in dismissing a complaint, which sought damages for tuberculosis caused by defendant's negligence in supplying unhealthful working quarters.

The next question, and the crucial one, is as to whether such an injury so caused may be regarded as "accidentally suffered" within the meaning of the policy contract.

If the answer were to be found in the technical meaning of "accident" as distinguished from an intended happening or one caused by negligence, it is obvious that the answer would be in the negative, for, when a question of primary tort liability is involved "accident" denotes the absence of fault, whether intended or negligent. This is elementary. St. Louis, etc., Ry. Co. v. Barnett, 65 Ark. 255, 45 S.W. 550; Alexander v. Bailey, 2 Lea 636, 70 Tenn. 636; Alabama Great So. Ry. Co. v. Brown, 138 Ga. 328, 75 S.E. 330, 331; Gardner v. State, 166 Misc. 113, 1 N.Y.S.2d 994; Rainbow Coal & Mining Co. v. Martin, 35 Ind.App. 658, 74 N.E. 902.

---

[1] Horsfall v. Pacific Mutual Life Ins. Co., 32 Wash. 132, 72 P. 1028, 63 L.R. A. 425, 98 Am.St.Rep. 846.

[2] Day v. Great Eastern Casualty Co., 104 Wash. 575, 177 P. 650.

[3] Carpenter v. Pacific Mut. Ins. Co., 145 Wash. 679, 261 P. 792.

[4] McNally v. Maryland Casualty Co., 162 Wash. 321, 298 P. 721.

But it is equally clear that as commonly used in ordinary speech the word "accident" does not exclude the idea of negligence. The common meaning of "automobile accident" is an illustration. The Supreme Court of Washington has noted this distinction and thus phrased it in Campbell v. Jones, 73 Wash. 688, 132 P. 635, 636: "The words 'accident' and 'accidental' in their legal sense mean the happening of an event without fault or negligence on the part of anyone, but in their ordinary meaning they do not negative the idea of negligence on the part of the person whose physical act caused the occurrence."

The words "accident" and "accidental injuries" as used in insurance contracts are generally held to comprehend both negligent injuries and those that occur without fault. Indeed the cases go much farther and generally hold that the question of accident or not accident should be considered from the point of view of the sufferer. As to him it may be an accident within the meaning of an insurance policy although caused by another's intentional wrong. The general rule is thus expressed in Clay v. State Insurance Co., 174 N.C. 642, 94 S.E. 289, L.R.A. 1918B, 508: "As used in a policy insuring against death sustained through external, violent, and accidental means, the word 'accident' should receive its ordinary and popular definition as an unusual and unexpected occurrence, or one that takes place without the foresight or expectation of the person affected, and the question is to be determined by reference to the facts as they affect the holder of the policy or person injured."

See also, Henderson v. Travelers' Ins. Co., 262 Mass. 522, 160 N.E. 415, 56 A.L.R. 1088; Midland Glass & Paint Co. v. Accident & Guarantee Corp., 102 Neb. 349, 167 N.W. 211, L.R.A.1918D, 442; Newsoms v. Casualty Co., 147 Va. 471, 137 S.E. 456, 52 A.L.R. 363; Lickleider v. Iowa State Traveling Men's Ass'n, 184 Iowa 423, 166 N.W. 363, 168 N.W. 884, 3 A.L.R. 1295, United States Mutual Acc. Ass'n v. Barry, 131 U.S. 100, 121, 9 S.Ct. 755, 33 L.Ed. 60, (holding injury caused by negligence of the insured an "accident".)

No court has gone farther in applying this rule than the Supreme Court of Washington. In Westerland v. Argonaut Grill, 187 Wash. 437, 60 P.2d 228, 229, that court had before it a policy in which the insurer undertook to indemnify the insured, owner of a grill, against liability for damages for "bodily injuries * * * suffered as a result of accidents * * * by any person or persons not in the employ of the Assured * * * if caused by the Assured's employees while engaged in the course of their employment." The court held that injuries received by a patron of the grill from an assault and battery committed by the head waiter were "accidentally suffered" within the terms of the policy. The court cited numerous cases in support of this holding. It quoted with approval the following passage from Thos. Kilpatrick & Co. v. Guarantee & Acc. Co., 121 Neb. 354, 237 N. W. 162, 163: "An accident, within the meaning of contracts of insurance against accidents, includes any event which takes place without the foresight or expectation of the person acted upon or affected thereby."

It necessarily follows that a negligent injury may be an accidental injury within the terms of an insurance policy; but it does not follow that every negligent injury is an accidental injury. In many cases it is said that an accident involves a sudden happening. Workmen's compensation statutes commonly impose liability on account of accidental injuries. Under such statutes the courts usually hold that an occupational disease is not such an injury. The reason assigned is that such a disease ordinarily results from the nature of the occupation and develops slowly, whereas an accident is a sudden happening, an accidental injury being suddenly inflicted. See, Mauchline v. State Ins. Fund, 279 Pa. 524, 124 A. 168, 169; Beaty v. Foundation Co., 245 Mich. 256, 222 N.W. 77; Meade Fiber Corp. v. Starnes, 147 Tenn. 362, 247 S.W. 989; Boal v. Electric Storage Battery Co., 3 Cir., 98 F.2d 815; Iwanicki v. Industrial Acc. Comm. of Oregon, 104 Or. 650, 205 P. 990, 29 A.L.R. 682.

Among the courts which have adopted this view is the Supreme Court of Washington. In Depre v. Pacific Coast Forge Co., 145 Wash. 263, 259 P. 720, 722, supra, the defendant, while held liable in tort for negligently causing the plaintiff to suffer from tuberculosis by subjecting him to injurious acid fumes over a period of twenty-three months, was held not to be liable under the Workmen's Compensation Act and therefore could not set up that act as a defense. The reason assigned was that the act applied to injuries resulting from "fortuitous" causes. The court held that "fortuitous" was equivalent to "accident" and

therefore contemplated a sudden happening, "referable to a definite time, place, and cause".

Some courts have taken a contrary view, especially when the employee was at fault. See, for example, American Mutual Liability Ins. Co. v. Furnace Co., 236 Ala. 535, 183 So. 677.

The Depre case clearly indicates that an accident involves the idea of suddenness. The decision interpreted the statute by ascertaining the ordinary meaning of the word "fortuitous" or its equivalent accident.

Has the Supreme Court of Washington assigned a meaning to "accident" which eliminates the idea of suddenness? It has not, as the cases cited in the main opinion show.

In Hadley v. Department of Labor and Industries, 174 Wash. 582, 25 P.2d 1031, it appeared that Hadley on a certain day "sustained an injury in the region of the left sacroiliac joint". As a result tuberculosis developed. It was held he was entitled to compensation under the Compensation Act. The injury was apparently caused by a sudden happening, referable to a particular time.

In Horsfall v. Pacific Mut. Life Ins. Co., 32 Wash. 132, 72 P. 1028, 63 L.R.A. 425, 98 Am.St.Rep. 846, lifting of a heavy weight caused a heart ailment resulting in death. Obviously the injury resulted from a "sudden happening".

In Day v. Great Eastern Casualty Co., 104 Wash. 575, 177 P. 650, a blow on a person's back caused a bruise which developed into a carbuncle which became infected and caused death. A sudden happening caused the injury.

In McNally v. Maryland Casualty Co., 162 Wash. 321, 298 P. 721, a person was injured by drinking wood alcohol which he thought was Scotch whiskey. Another case of suddenness.

In Carpenter v. Pacific Mut. Ins. Co., 145 Wash. 679, 261 P. 792, insured in skinning a diseased sheep, got blood poisoning from which he died. A sudden event.

The question here is not whether there was an injury for which the Sea Foods Company would be liable in a tort action for negligence, but is as to the interpretation of a contract containing the terms "accident" and "accidental injuries". There

is no allegation or evidence of accident. It is quite conceivable that an accidental infection from a known source of tubercular germs could occur, but there was no attempt in the case at bar to prove such an accident. The finding in the state court on that subject was not within the issues and was of no effect against the appellant whose refusal to defend that action was justified because the plaintiff therein did not allege that the injury complained of was accidental.

On September 16, 1940, and since this case was submitted (September 9, 1940) the Circuit Court of Appeals for the Tenth Circuit has rendered a decision construing a policy similar to that here under consideration. Hardware Mutual Casualty Company v. Hilderbrandt, 10 Cir., —— F.2d ——.[1] That court said: "Whether the claim is within the coverage of the policy must be determined from the allegations of the petition in the action brought against the insured."

Numerous cases are cited in the footnote thereto in support of this well established proposition, one of which is a decision by the Supreme Court of the State of Washington, Isaacson Iron Works v. Ocean Accident & G. Corp., 191 Wash. 221, 70 P.2d 1026, 1031.

---

[1] Not released by court at date of publication.