[No. 5727. Decided December 26, 1905.]

# LOUIS HOVELAND, *Respondent,* v. HALL BROS. MARINE RAILWAY AND SHIPBUILDING COMPANY, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—FACTORY ACT—ASSUMPTION OF RISK. The defense of the assumption of risks from an unguarded shaft coupling cannot be raised where the defendant has violated the factory act requiring the coupling to be guarded.

SAME—PROXIMATE CAUSE OF INJURY—FINDING OF JURY. Where an employee slipped and stumbled while attempting to reach over an unguarded coupling on a revolving shaft, and the jury were instructed that the plaintiff could not recover if the accident would not have happened but for the condition of the ground, if known to the plaintiff, a finding for the plaintiff determines that the condition of the ground was not the proximate cause of the accident.

SAME—VIOLATION OF FACTORY ACT—QUESTION OF LAW. There is a violation of the factory act, as a matter of law, where couplings on a revolving shaft, about two and one-half feet above the ground, in a blacksmith shop, are wholly exposed and unguarded at a place where men are required to work.

SAME—APPEAL—REVIEW—HARMLESS ERROR. Where the failure to provide a guard for a coupling is, as a matter of law, a violation of the factory act, the defendant cannot complain of instructions submitting to a jury the question of the necessity of a guard.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 13, 1905, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee caught upon a coupling of a revolving shaft. Affirmed.

*Hughes, McMicken, Dovell & Ramsey,* for appellant.
*E. H. Guie,* for respondent.

HADLEY, J.—This is an action to recover damages on account of personal injuries. The plaintiff was in the employ of the defendant at the time of receiving his injuries. The defendant was engaged in operating and maintaining a ship-

1Reported in 82 Pac. 1090.

yard, and as part of its business, it operated a blacksmith shop and machine shop, in which were belts, pulleys, shafting and grindstones, which were run by machinery. In the blacksmith shop the defendant operated two grindstones for the purpose of sharpening tools. The grindstones were placed upon pieces of line shafting coupled together by iron couplings and bolts. This coupled shafting was run by means of a pulley on the end thereof, connected by belting with a main line shaft which was connected with, and operated by, an engine. The pieces of shafting were coupled together between the two grindstones, and the shafting was placed about two and one-half feet from the ground. Neither the shafting nor coupling, nor any part thereof, was covered or guarded. It is alleged that the ground was rough, uneven, and wet.

While in the discharge of his duties, the plaintiff was engaged in sharpening a large chisel on the grindstone situated nearest to the pulley on the end of the shafting. While so engaged, his feet slipped, and he stumbled and fell against the coupling on the shafting, when the same was revolving at a high rate of speed. His clothing was caught on the coupling and bolts where the shafting was coupled together, and he thereby sustained serious injuries. He alleges that defendant was negligent in that it failed to provide safeguards against said shafting and coupling, and that it permitted the ground under the shafting to be rough, uneven, and wet. The defendant, in its answer, admits that the shafting and coupling were not covered, guarded, or protected, but denies that such guard was necessary or proper. It also denies that the ground was rough, uneven, and wet. The answer also alleges that the plaintiff assumed the risk of the danger, and that his injuries were due to his contributory negligence. The cause was tried before a jury, and a verdict was returned for the plaintiff. Defendant moved for a new trial, which was denied, and from the judgment entered upon the verdict it has appealed.

Appellant contends that, notwithstanding the fact that it provided no safeguards for the shafting and coupling, the respondent nevertheless assumed the risk of the danger, which, it is claimed, was open and obvious. Chapter 37, Laws 1903, § 1, requires that the operators of machinery shall provide proper safeguards for shafting and couplings. Appellant neglected to comply with this plain statutory duty, and it cannot now be heard to urge that respondent assumed the risk consequent upon its own neglect to comply with the law. *Green v. Western American Co.,* 30 Wash. 87, 70 Pac. 310; *Hall v. West & Slade Mill Co.,* 39 Wash. 447, 81 Pac. 915; *Whelan v. Washington Lumber Co.,* ante p. 153, 83 Pac. 98. The first case cited had been decided before appellant's brief was written, but the other two have both been decided since that time. This court has therefore settled upon its adherence to the doctrine that the question of assumption of the risk cannot be raised where the injuries have proximately resulted from the violation of the statutory duty to properly guard machinery. There was admittedly a total absence of any effort on the part of appellant to guard this shafting and coupling. No question exists as to the sufficiency of a guard actually provided, as in the case of *Daffron v. Majestic Laundry Co.,* ante p. 65, 82 Pac. 1089, where for that reason a different question arose. The instructions of the trial court in this case, upon the general subject of assumption of the risk, are in harmony with the views of this court upon that subject. Errors are assigned upon those instructions, but in view of what has already been decided, it is unnecessary that we shall further discuss the subject.

The evidence shows that the water for the grindstone was kept in a tin can on the other side of the shafting from respondent, and one wishing to let water on the grindstone had to reach over the revolving shafting and pull the plug out of the bottom of the can. While attempting to do this, respondent slipped and stumbled upon the coupling. Appellant contends that the proximate cause of the accident was

the condition of the ground upon which respondent slipped, and that he assumed the risk thereof. The court instructed the jury that, if they found the accident would not have happened but for the condition of the ground, and that respondent knew of that condition, then he could not recover. Under this instruction the jury must have found that the condition of the ground was not the proximate cause. The jury's finding settles that question. *Gray v. Washington Water Power Co.,* 27 Wash. 713, 68 Pac. 360.

Appellant urges that, in each case, it is a question for the jury whether such safeguards as are proper have been provided, and further that proper safeguards are those which are necessary for the protection of those working about machinery under ordinary circumstances, and such circumstances as may reasonably be anticipated. It was evidently the purpose of the legislature to require that safeguards shall be provided for all shafting and coupling so situated that workmen in the ordinary discharge of their duties are liable to come into contact therewith. It is possible that conditions might be involved, with reference to certain situations, where it would be proper to submit to the jury, as a fact to be determined by them, whether a safeguard is reasonably necessary or practicable as applied to such conditions and situations. But, even if it be conceded that there may be such cases, it does not follow that this is such a case. Here was shafting with its coupling and coupling bolts exposed in an open space in appellant's blacksmith shop, placed about two and one-half feet from the ground, where it revolved with great speed, absolutely unguarded and unprotected in any way, and at the very spot where workmen were expected to be in the daily discharge of their duties. Such a situation and such conditions are so manifestly within the statute that they present purely a question of law as to appellant's duty with reference to providing a guard, and there can be no question of fact upon that subject for the jury.

The court, however, by its instructions, did submit to the

jury the question whether the shafting and coupling could have been advantageously guarded. Appellant complains of this instruction, but its complaint is made upon the theory that it was entitled to a broader instruction submitting the question of necessity for a safeguard and whether the situation was such as properly called for a guard. From what has already been said, it follows that the contention that the instruction was erroneously lacking in the above particular cannot be sustained under the admitted facts in this case. Again, when it is considered with reference to what it does contain, it is found to be favorable to appellant, and therefore not prejudicial to it.

The judgment is affirmed.

MOUNT, C. J., ROOT, DUNBAR, RUDKIN, CROW, and FULLERTON, JJ., concur.