[No. 6924. Decided November 5, 1907.]

OLAF J. JOHNSON, *by His Guardian etc., Respondent*, v. FAR WEST LUMBER COMPANY, *Appellant.*[1]

MASTER AND SERVANT—INJURIES—GUARDING MACHINERY—FACTORY ACT. A master cannot escape liability from failing to guard dangerous machinery from the fact that a proper safeguard had been provided but was temporarily removed, where it was not the plaintiff's duty to see that the same was adjusted.

SAME—UNGUARDED MACHINES—ASSUMPTION OF RISK. An employee does not assume the risk from the failure of the master to guard machinery as required by the factory act.

SAME — UNGUARDED MACHINES — CONTRIBUTORY NEGLIGENCE. An employee who works about machinery after having notice that it is not guarded as required by the factory act, the risk of which condition he does not assume, is not thereby guilty of contributory negligence, nor precluded from a recovery unless the injury is caused by a negligent act of his own, and not alone by the dangers of his situation.

SAME. An operator of a sticker who, in reaching up for a strap, raises his foot, so that it comes in contact with an unguarded saw under the table, is not thereby guilty of contributory negligence, as a matter of law.

[1]Reported in 92 Pac. 274.

SAME—VERDICT IN FAVOR OF COEMPLOYEE AS DISCHARGE OF MAS-
TER.  Where a master and his superintendent are jointly sued for
negligence in failing to guard dangerous machinery as required by
the factory act, a separate verdict in favor of the superintendent
does not discharge the master or preclude a verdict against him,
since the statute imposes the imperative duty upon the master and
not upon the superintendent.

Appeal from a judgment of the superior court for Pierce
county, Rice, J., entered April 11, 1907, upon the verdict of
a jury rendered in favor of the plaintiff, in an action for
personal injuries sustained by a minor employed in a planing
mill.  Affirmed.

*Shackleford & Hayden*, for appellant.

*R. G. Hoge*, for respondent.

DUNBAR, J.—This action was brought by the respondent,
a sixteen-year old boy, through his guardian *ad litem*, to re-
cover for injuries received in the planing mill of the Far West
Lumber Company, a corporation.  One Voegtle was a super-
intendent of the mill, and the complaint alleges negligence
on the part of the lumber company and of Voegtle, by causing
a certain resaw, one of the machines being operated in the
mill, to be put to work, when it was known that the said ma-
chine was in a dangerous condition, unprotected, unguarded,
and unboxed.  The sticker or planer machine and resaw were
side by side in the mill.  On the night of the accident the
respondent's work was to operate the resaw.  During the
night he and the man operating the sticker, temporarily and
of their own accord, changed places for a few minutes.  This
fact is not material to the discussion of the case, as it appears
from the testimony that this exchange was frequently made
by permission of the foreman, one Ellison, and often at his
command.  While operating the sticker the respondent had
occasion to use the chip breaker.  The chip breaker was oper-
ated by a strap which hung on the side of the machine, about
opposite the resaw, and the chip breaker was operated by

pulling this strap. The respondent pulled on the strap of the chip breaker, and while he was doing this, raised his right foot so that his heel came in contact with the resaw, or that part of it which projected under the table, and caused the injury.

Prior to the accident the mill had been inspected, and the certificate which the law provides should be prima facie evidence that the machine was properly guarded had been issued. The resaw at this time was not guarded, the guard having been removed, presumably because the chutes which carried off the sawdust were stopped up. At the conclusion of the plaintiff's testimony and the submission of the case to the jury, verdict was rendered in favor of Voegtle, the superintendent, and against the Far West Lumber Company, the. appellant.

No particular assignments of error are made by appellant, except that the court erred in overruling appellant's motion for a new trial; but it is contended generally, (1) that the respondent was guilty of contributory negligence; (2) that inasmuch as the jury found in favor of defendant Voegtle, under the rule announced by this court in *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, the lumber company could not be held responsible. On the first proposition it is contended that this is a case where the employer had provided the proper safeguard, and that inasmuch as it was the duty of the plaintiff to adjust such safeguard, and he failed to do so, he cannot hold the employer responsible for the lack of the safeguard, and it was therefore his own negligence in this respect which was the cause of the accident. But inasmuch as the evidence in no way tends to show that it was the respondent's duty to adjust the hood which protected the saw on which he was injured, the contention seems to be without force.

It is also contended that, even if it were not the respondent's duty to adjust the guard, inasmuch as he did not report the dangerous condition to his employer, he cannot recover. This

contention must necessarily be based upon the assumption that he assumed the risk of the unguarded machinery. But this contention was passed on by this court in *Hall v. West & Slade Mill Co.*, 39 Wash. 447, 81 Pac. 915. In that case the respondent admitted that he knew, for some time prior to his injury, of the unguarded machinery, and knew that it was dangerous; and we held in that case, after a thorough investigation of the authorities, that the defense of assumption of risk was not available to the employer under such circumstances, for the reason that it had not guarded the machinery as it was required to do by the mandate of the statute. The kindred contention that the employee was guilty of contributory negligence was also disposed of in that case in the following language:

"The appellant next contends that the court erred in refusing to rule, as a matter of law, that the respondent was guilty of contributory negligence. All that the evidence shows on this question is that the respondent continued in his work after he had knowledge of the fact that the collar and set screw which caused his injury were uncovered. But it will hardly do to say that an employee is guilty of contributory negligence for merely working in a dangerous place when he does not assume the risk of injury for working therein. It is true that in such cases contributory negligence and assumption of risk approximate, and it is difficult to draw a line between them, but we think that, to convict an employee of contributory negligence for working in a place where he does not assume the risk of injury, it must be shown that he did not use care reasonably commensurate with the risk to avoid injurious consequences; in other words, that it was some negligent act of his own that caused his injury, and not alone the dangers of his situation."

This case followed a prior case decided by this court, viz., *Green v. Western American Co.*, 30 Wash. 87, 70 Pac. 310. The doctrine of these two cases has since been reaffirmed so often that it may be considered settled.

There seems to us to be no merit in the appellant's contention that respondent was guilty of contributory negligence

by raising his foot in such a manner that it came in contact with the saw. The evident object of the legislation was to provide against unforseen accidents. Besides, this was a question which was submitted to the jury. On the second proposition, we think the case of *Doremus v. Root, supra,* is not parallel. In addition to the fact that negligence was alleged not only against the superintendent Voegtle, but also in some degree against the foreman Ellison, the duty of the appellant to protect this machinery is imperative. It was made its duty by a special statute, while it was not the duty of the superintendent; at least, he owed no duty to the respondent, whatever may have been his obligations to his employer.

In the *Doremus* case the respondent in his complaint alleged that Root, the conductor, by virtue of his employment, had the charge and control of all trains on which he was employed as conductor, and of all persons employed thereon, and he was responsible for their movements while on the road. It then set forth the negligence and careless acts of Root, and concluded with the following allegations, viz.: "That by reason of the carelessness, negligence, and recklessness of the said Samuel Root, the injuries suffered by the said plaintiff were received." Under such allegations it was plain that the only possible theory upon which the railroad company could be held guilty of negligence would be its responsibility for the negligence of the conductor who was the only actor in the transaction; and when the verdict as construed by the court was in favor of Root, it would have been manifest injustice to have held the company guilty of negligence. But not so in this case, where the guarding of the machinery was an imperative duty and a work which might have been performed by any agent or servant of the company.

No other questions being involved, and no error appearing in the record, the judgment is affirmed.

RUDKIN, FULLERTON, and MOUNT, JJ., concur.

HADLEY, C. J. and CROW, J., took no part.