[No. 21533. Department Two. April 4, 1929.]

ANDREW DEPRE, *Respondent*, v. PACIFIC COAST FORGE COMPANY, *Appellant*.[1]

[1]Reported in 276 Pac. 89.

*Bogle, Bogle* and *Gates,* for appellant.
*Guie & Guie,* for respondent.

FULLERTON, J.—This cause was heretofore before this court on an appeal from a judgment of dismissal, entered after a demurrer had been sustained to the complaint. *Depre v. Pacific Coast Forge Co.,* 145 Wash. 263, 259 Pac. 720. The judgment was reversed on the appeal, and the cause remanded for further proceedings. After the remand, issue was taken on the allegations of the complaint, and a trial had before a jury, which resulted in a judgment in favor of the plaintiff in the action. The present appeal is by the defendant from the last mentioned judgment.

The evidence on the part of the respondent tended to substantiate the allegations of his complaint. It appeared that the appellant, in connection with its general business, operated a galvanizing plant, of which the respondent was in charge from the latter part of March, 1924, to May 28, 1926. A part of the plant consisted of a large tank, into which was poured a mixture of muriatic acid, sulphuric acid, and water. The mixture was heated to about the boiling point, and was used to remove scale from the metal it was desired to galvanize. The mixture gave off noxious gases, which the ventilation provided was insufficient to remove. The consequence was that the respondent breathed the gases, causing his lungs to become inflamed and otherwise injured, making him susceptible to tuberculosis, which disease he subsequently contracted to his permanent injury. His evidence further showed that, when he first became aware of the fact

that the gases were affecting his lungs, he called the attention of the appellant to the need of more ventilation, and received the promise of the appellant that that condition would be remedied, and continued with the work on the faith of the promise. The complaint and promise were subsequently repeated, but nothing was done towards remedying the condition until it was too late to benefit him.

The appellant, in support of its appeal, first urges that the evidence on the part of the respondent brings him within the provisions of the workmen's compensation act, and that he cannot, for that reason, maintain against it either a common law action, or an action under the factory act. But we think this question is foreclosed against the appellant by our decision on the former appeal. As we have indicated, there was no substantial difference between the allegations of the complaint and the evidence adduced in support of it. The principal question there before us was whether the facts relegated the respondent to relief under the workmen's compensation act, and our decision was that they did not. The decision, under our repeated holdings, became the law of the case, and we would not now further inquire into the question were we convinced that our first holding was erroneous.

But it must not be understood that we are so convinced. The line of demarkation between an injury resulting from some fortuitous event and an injury resulting from the contraction of disease, is in many instances shadowy, and no definite or certain rule can be laid down which will, in all cases, differentiate between them. The facts of the present case, it must be confessed, border on the dividing line, but we are of the opinion that they fall rather without, than within, the rule of the compensation act.

■ It is next contended that there is no evidence tending to show that the respondent contracted tuberculosis or is now suffering from the disease. But as we read the evidence, the most that can be said is that the evidence was conflicting on the question. His trouble was diagnosed as tuberculosis by competent medical practitioners, and there was evidence of his change in physical condition by nonexpert witnesses that tended to support the conclusion. It may be that the evidence to the contrary was of the greater probative value, but since the evidence on the part of the respondent was substantial, the court cannot say, as matter of law, that there was a failure of proof.

■ The next contention is that the respondent assumed the risk incident to his employment. But the respondent alleged, and his evidence tended to prove, a violation of the factory act (Rem. Comp. Stat., § 7659), and this court has held in a number of cases that the defense of assumption of risk is not available to an employer who fails to comply with the requirements of the act with respect to the place in which he requires his employes to work. *Green v. Western American Co.*, 30 Wash. 87, 70 Pac. 310; *Hall v. West & Slade Mill Co.*, 39 Wash. 447, 81 Pac. 915, 4 Ann. Cas. 587; *Hoveland v. Hall Bros. Marine Railway & Shipbuilding Co.*, 41 Wash. 164, 82 Pac. 1090; *Whelan v. Washington Lumber Co.*, 41 Wash. 153, 83 Pac. 98, 111 Am. St. 1006; *Thomson v. Issaquah Shingle Co.*, 43 Wash. 253, 86 Pac. 588; *Pachko v. Wilkeson Coal & Coke Co.*, 46 Wash. 422, 90 Pac. 436; *Johnson v. Far West Lumber Co.*, 47 Wash. 492, 92 Pac. 274; *Anderson v. Pacific National Lumber Co.*, 60 Wash. 415, 111 Pac. 337.

■ It is argued, however, that the factory act is repealed by the workmen's compensation act. We cannot so conclude. Contrary to the contention, the

repealing clause to the workmen's compensation act, as we read it, expressly exempts the particular parts of the act on which the respondent relies from repeal, (see Laws of 1911, p. 373, § 30; Rem. Comp. Stat., § 7709), and we find nothing in the workmen's compensation act so far in conflict with the prior act as to work an implied repeal.

The court, in the course of its instructions to the jury, submitted to the jury two written forms for the use of the jury in making up their verdict, saying to them, in connection therewith, the following:

"One form you will use in case you find for the plaintiff, in which event you will fill in the amount you allow him, but in no event can it exceed $25,000; the other form you will use in case you find for the defendant."

It did not, however, either in connection therewith, or elsewhere in its instructions, instruct the jury as to the proper measure of damages. The appellant did not request the court to give to the jury an instruction on the matter, but contented itself with an exception to the failure of the court to give such an instruction, taking the exception after the jury had retired to consider their verdict. The jury returned a verdict for the respondent in the sum of $10,000. A motion for a new trial was subsequently made, based on the ground, among others, that the verdict was excessive. The court, in passing upon the motion, while overruling it as to its other aspects, gave the respondent the option of taking a judgment for $5,000, or submitting to a new trial. The respondent accepted the first alternative, and a judgment was entered in his favor in the amount for which the court permitted the verdict to stand. The last of the appellant's assignments of error is based upon this action of the court.

The appellant concedes that the general rule in this jurisdiction is that mere nondirection of the jury is not ground for reversal, unless the nondirection follows a request for an instruction on the omitted matter. But it argues that a rule for the measure of damages, in a case like the present, is of such vital importance that, to omit such an instruction, leaves the jury "nothing upon which to base their verdict but speculation, conjecture and surmise," and "is more than a mere omission; it constitutes positive error; misdirection rather than nondirection." But we think the appellant overestimates the importance of an instruction of this sort. The law affords no certain measure of damages for personal injuries. From the very nature of the circumstances, the amount of the award must be left largely to the discretion of the jury, and had the court undertaken to give them a measure by which to ascertain the amount of the damages, it could have said but little more than that they should award him such sum as they believed from the evidence would fairly compensate him for his injuries. We cannot conclude, therefore, that the omission was of such a vital nature as to warrant us in departing from our heretofore established rule.

Nor are we persuaded that the exception taken was the equivalent of a request. The case had then been submitted to the jury, and the jury had retired to consider their verdict. Whether the court would then recall them for the purpose of giving them instructions on a matter not obligatory for it to instruct upon, was wholly within its discretion.

The judgment is affirmed.

PARKER, MAIN, and FRENCH, JJ., concur.