[No. 25944. Department One. April 13, 1936.]

AL ANTHONY, as *Administrator, Appellant,* v.
NATIONAL FRUIT CANNING COMPANY
*et al., Respondents.*[1]

*Albert H. Solomon,* for appellant.

*Evans & McLaren* and *Robert W. Reid,* for respondents.

MITCHELL, J.—It appears from the second amended complaint upon which this case was heard that one Tillie Anthony, while engaged in extrahazardous employment in a cannery operated by the National Fruit

[1]Reported in 56 P. (2d) 688.

Canning Company, a Washington corporation, and National Fruit Canning Company, a Delaware corporation, in September, 1931, was accidentally injured by falling down a stairway in the cannery, from which injury she died. She was survived by her husband, and also by four children from two to nine years of age.

The surviving husband, Al Anthony, was appointed and qualified as administrator of her estate and, as such representative, brought this action for damages on behalf of himself and the four children, alleging that the death of the deceased was caused by the negligence of the defendants. Demurrers to the second amended complaint were sustained, and the plaintiff, electing to stand upon his pleading, has appealed from a judgment dismissing the action.

On the appeal, his contentions are limited to two questions of law, each of which he claims should be resolved in his favor, as follows:

First,

"Where a woman workman dies as a result of injury in extrahazardous employment, can the minor children and the surviving husband, who is not an invalid, maintain an action under the wrongful death statute against the employer, through the personal representative of the deceased workman?"

There is nothing in the pleadings or the judgment in this case as to whether the widower is an invalid. The act granting a right to recover damages for the death of a person, caused by the wrongful act, neglect or default of another (Session Laws 1917, p. 495, Rem. Rev. Stat., §§ 183,183-3 [P. C. §§ 8259, 8263]) was not intended to repeal or supersede any part of chapter 74, Laws of 1911, p. 345, the workmen's compensation act. Section 5 of the 1917 act, p. 496, says:

"This act shall not repeal or supersede chapter 74 of the Laws of 1911 and acts amendatory thereof, or

any part thereof." Rem. Rev. Stat., § 183-3 [P. C. § 8263].

In the present case, according to the allegations of the second amended complaint, we are considering and dealing with an injury consisting of a "sudden and tangible happening of a traumatic nature producing an immediate or prompt result, and occurring from without, and such physical condition as results therefrom," which is the meaning of the word "injury" in the workmen's compensation act, as the act was amended, Laws 1927, p. 818, § 2; Laws 1929, p. 325, § 1; Rem. Rev. Stat., § 7675 [P. C. § 3470]. This kind of injury falls within the scope and purpose of the workmen's compensation act, according to uniform decisions.

In the case of *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685, Ann. Cas. 1915D, 468, L. R. A. 1916A, 358, upon referring to earlier decisions reviewing the workmen's compensation act, it was said:

"The act contains its own declaration of legislative policy, in reciting in § 1 that the common law system in dealing with actions by employees against employers for injuries received in hazardous employments is inconsistent with the modern industrial conditions, uneconomic, unwise and unfair, and that, as the welfare of the state depends upon its industries and even more upon the welfare of its working men, the state of Washington, in the exercise of its police and sovereign power, declares its policy to withdraw all phases of the premises from private controversy regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation except as provided in the act; 'and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided.' "

The supreme court of the United States and the district court of the United States, citing and relying upon

the case of *Peet v. Mills, supra,* construing our statute, reached the same conclusion. *Northern Pac. R. Co. v. Meese,* 239 U. S. 614; same case, 206 Fed. 222. Also, see *Wade v. Harris,* 146 Wash. 218, 262 Pac. 234; *Robinson v. McHugh,* 158 Wash. 157, 291 Pac. 330.

Appellant's question in his first assignment must be answered in the negative.

■ Appellant's second question is, "In such a case, is there a right of action preserved under the factory act?"

Lest confusion arise, it should be kept in mind that we have heretofore decided that occupational poisons or diseases are not within the workmen's compensation act, because they do not constitute fortuitous events or happenings of a traumatic nature, which are the kind of injuries defined and embraced within that act. *Depre v. Pacific Coast Forge Co.,* 145 Wash. 263, 259 Pac. 720; *Depre v. Pacific Coast Forge Co.,* 151 Wash. 430, 276 Pac. 89; *Pellerin v. Washington Veneer Co.,* 163 Wash. 555, 2 P. (2d) 658.

Manifestly, it was upon that consideration that, in *Depre v. Pacific Coast Forge Co.,* 151 Wash. 430, 276 Pac. 89, which was a suit under the factory act for damages for occupational poisoning, it was decided that the workmen's compensation act did not repeal, directly or impliedly, those sections of the factory act applicable to occupational diseases.

The factory act was approved March 6, 1905, and is found in chapter 84, Laws of 1905, p. 164. Sections 8, 9 and 10 of the act gave and regulated the maintenance of actions to recover damages in case of accidental injuries caused by the negligence or failure of the employer to comply with the terms of the act.

In passing the workmen's compensation act, chapter 74, Laws of 1911, p. 345, it was enacted in § 30 that "sections 8, 9 and 10" of the factory act be repealed.

For some reason, this particular repealing provision has not been carried forward into the corresponding Rem. Rev. Stat., § 7709. However, in codifying the factory act, as the same appears at Rem. Rev. Stat., §§ 7658-7666 [P. C. §§ 3517-3525], the repealed §§ 8, 9 and 10 of the factory act are, of course, properly omitted.

The right of action and the remedies formerly available under the factory act, in cases such as the one alleged in the second amended complaint in this action, have been superseded by the workmen's compensation act. Appellant has no right of action under the factory act.

Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.