[No. 29113. Department Two. October 25, 1943.]

DOMENICO ROMEO, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry L. Parr, Assistant*, for appellant.

*Griffin & Gershon*, for respondent.

*Grosscup, Morrow & Ambler*, for employer Doran Company.

MILLARD, J.—Domenico Romeo, who was employed in the foundry of Doran Company as a sand blaster, filed a claim April 10, 1941, with the department of labor and industries for disability sustained as the result of an occupational dis-

[1] Reported in 142 P. (2d) 392.

ease. The application for benefits recites that claimant had worked for the same employer approximately thirteen years and that the "date of first exposure" (to the dust) was in the year 1928. The answer to the question in the form submitted to the department as to the date of last exposure is "still working," and in the form is the further recital that the claimant had not quit work on account of occupational disease. The description of the cause of occupational disease on which the claim is based is, "Occupation is that of sand-blaster—many particles of sand floating around." August 9, 1941, the supervisor denied the claim on the grounds that

"Claimant's condition is not the result of an industrial injury as defined by the workmen's compensation act; nor is it covered by § 7679-1 of Rem. Rev. Stat., because it is not embraced within the enumerated occupational diseases as therein set forth."

When the claim was filed April 10, 1941, Laws of 1939, chapter 135, p. 382 (Rem. Rev. Stat. (Sup.), § 7679-1 [P. C. § 3472-21]), which amended Laws of 1937, chapter 212, p. 1031, were in force. Laws of 1941, chapter 235, p. 772 (Rem. Supp. 1941, § 7679-1), which amended Laws of 1939, chapter 135, became effective June 11, 1941; that is, the claim was filed prior to, but was denied after, the effective date of Laws of 1941, chapter 235.

On request of claimant's employer, the department ordered a re-examination of claimant to determine whether the department erred in rejecting the claim. Claimant testified that he did not lose any time from his employment, except during the period of November, 1939, to February, 1940, when he was absent three weeks for a sinus operation. In November, 1940, he was absent from his employment about four days because of a bad infection in his head. Other than those absences, claimant sustained no time loss.

The claimant was re-examined by three physicians, all of whom testified that claimant's condition was due to a sinus infection which had no connection with industrial conditions. In other words, the testimony of the experts called

by the department was to the effect that claimant did not have an occupational disease.

One of the physicians called by claimant testified that the pains through claimant's sinuses, bad cough, burning throat, etc., are conditions which do not obtain all of the time but "come and go at intervals"; that he was of the opinion that the man was suffering from a respiratory infection or irritation which had become chronic from irritating effect of the dust to which claimant was exposed in his work as a sand blaster. While this physician testified that the sinus trouble of claimant was aggravated by his exposure to the dust which was incident to his employment, he did not testify that the disease or infection from which claimant suffered arose naturally and proximately out of his employment as a sand blaster. Another physician testified on behalf of claimant to the effect that he did not think that the condition of claimant, whom he first treated in October, 1939, when "he had a lot of sinus trouble," was caused by the dust to which he was exposed as a sand blaster but that "I think he would have gotten well quicker if he hadn't had so much dust in his nose."

An order was entered by the joint board October 14, 1941, rejecting the claim in accordance with the supervisor's disposition thereof August 9, 1941. Claimant appealed to the superior court for King county.

On the ground that the only question presented for determination was one of law and not of fact, inasmuch as claimant's condition or disease was not one of the occupational diseases enumerated by the statute (Laws of 1939, chapter 135) for which a claimant is entitled to compensation, the department moved—in effect, demurred—that the cause be taken from the jury and decided by the court. The motion was denied. The jury returned a verdict in favor of the claimant and from the judgment entered thereon, the department appealed.

In April, 1936, we held in *Anthony v. National Fruit Canning Co.*, 185 Wash. 637, 56 P. (2d) 688, that occupational poisons or diseases are not within the workmen's compensa-

tion act. Our first occupational disease enactment (Laws of 1937, chapter 212, p. 1031), one year later contains an enumeration of occupational diseases in which is listed: "And any persons employed in any industry where intense dust prevails."

In *Polson Logging Co. v. Kelly,* 195 Wash. 167, 80 P. (2d) 412, we held that logging operations, as conducted by respondent logging company, did not produce any occupational diseases as defined by Laws of 1937, chapter 212; that, before any disease may be classified in a legal sense as an occupational disease, it must be a disease, or diseased condition, which is peculiar to a given occupation and brought about by exposure to certain harmful conditions which are constantly present, and to which all workmen in the occupation are continually exposed; and that

" . . . a condition brought about by conditions to which all laborers, regardless of the nature of their occupation, are exposed, cannot be classed as an occupational disease."

The above-quoted section of the 1937 statute covering respiratory diseases was amended by Laws of 1939, chapter 135, p. 385, to read as follows:

"Any respiratory disease other than asbestosis or silicosis contracted through the inhalation of dust in any industry where intense dust prevails."

The 1937 and 1939 statutes were amended by Laws of 1941, chapter 235, which abandoned the enumeration of diseases and defined "occupational disease" as "such disease or infection as arises naturally and proximately out of extra-hazardous employment."

The statute (Laws of 1937, chapter 212, as amended by Laws of 1939, chapter 135) on which respondent based his claim provides compensation for disability sustained by an employee contracted through the inhalation of dust in an industry where intense dust prevails. Respondent now contends that the 1941 statute is applicable.

It is not necessary to determine whether the 1941 statute is applicable. Under either or both statutes (Laws of 1939, chapter 135, or Laws of 1941, chapter 235), the trial

court should, as a matter of law, have affirmed the decision of the department, as there is an absence of substantial evidence to support a verdict that the disease or infection from which respondent suffers was contracted through the inhalation of dust in an industry where intense dust prevails or that his disease or infection arose naturally and proximately out of his employment.

While there is some showing that there was a great quantity of dust in that portion of the plant where respondent was employed, there is no showing that respondent's respiratory condition naturally and proximately resulted from his employment. At the most, the testimony of one of the physicians goes no further than that the respondent's exposure to the dust incident to his occupation delayed respondent's recovery from sinus trouble, from which he has suffered a number of years. Respondent's condition cannot be classed as an occupational disease as it was brought about by conditions to which all laborers, regardless of their occupation, are exposed.

The judgment is reversed and the cause remanded, with direction to the trial court to affirm the decision of the joint board.

SIMPSON, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.