## Maurer *v.* South Penn Collieries Co. et al., Appellants.

Argued November 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*P. B. Roads,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, January 7, 1929:

On February 20, 1925, claimant, a coal miner employed by defendant company, fell down a manway and was severely injured. He received compensation under agreement until June 1, 1925, when he signed a final receipt and returned to his employment, taking up lighter work. On January 20, 1927, he petitioned for a reinstatement of compensation, on the ground that his total disability recurred on December 7, 1926, and that the period it would last was indeterminable. The referee found that claimant had been wholly disabled since December 7, 1926, and that this was due to "a latent condition of tuberculosis" which "was lit up as a result of his fall on February 20, 1925." This finding is sufficient in law to sustain the award in claimant's favor (Watson v. Lehigh C. & N. Co., 273 Pa. 251); but appellant contends the finding lacks competent evidence to support it. As stated in the opinion of the court below, overruling this contention: "The testimony clearly indicates that the claimant was [apparently] a thoroughly well man before the accident and that he has never been well since...... Although he became normal enough to do light work three months after the accident, he had to

change to lighter work until, a year and a half after the accident, he could do no work at all. From all the evidence......the fact may be fairly found that there is a causal connection between the injury and the claimant's impaired physical condition when he applied for the reinstatement of his compensation agreement." A qualified medical expert testified that claimant's fall "lit up a latent condition of tuberculosis"; that "the injury brought into action he preëxisting condition of tuberculosis." In answer to a question stating in effect, "Having treated him for three months, in which time no diagnosis was made of tuberculosis,—[he having gone] back to work and worked for a period of thirteen months and then developed pulmonary tuberculosis,—do you believe it is a reasonable proposition that the injury which occurred in February, 1926, lit up the present condition?" the expert said, "Yes," adding that the tuberculosis was "simply a progressive systemic condition......hastened by the injury." We cannot say that this testimony was not sufficient to sustain the award.

The judgment is affirmed.