[No. 24583.   Department One.   October 16, 1933.]

GORDON AUBREY HADLEY, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Browder Brown, Assistant (V. D. Bradeson,* of counsel), for appellant.

*Mifflin & Mifflin* and *Phil K. Eaton,* for respondent.

[1]Reported in 25 P. (2d) 1031.

MAIN, J.—This is an appeal from a judgment of the superior court reversing an order of the department of labor and industries closing a claim of an injured workman.

The facts are these: Gordon A. Hadley, March 17, 1930, sustained an injury in the region of the left sacro-iliac joint. Thereafter, he filed a claim with the department of labor and industries, which was allowed and compensation paid thereunder to July 3, 1932, at the rate of $52.50 per month. On the date last mentioned, the department closed the claim, and an appeal was taken to the joint board, which, after two or three hearings, affirmed the order closing the claim. From the order of the joint board, the claimant appealed to the superior court. A trial was had in that court, and a number of witnesses testified, including three doctors, two of whom were called by the department and one by the claimant.

Before the injury, the claimant was an able-bodied man, competent and capable of performing work at manual labor, and was not suffering from disease or disability which prevented him from following his customary occupation. Some months after the injury, the claimant developed tuberculosis in the region of the sacro-iliac joint, and later pulmonary tuberculosis, for which he was being treated at the time of the trial, and his condition was improving.

The case in the superior court was heard upon the records and files and the testimony taken before the department, and also the evidence taken before the court.

There is little in this case except a question of fact. If the claimant, at the time of his injury, was afflicted with the disease of tuberculosis, then the case would be ruled by subdivision (1) of Rem. Rev. Stat., § 7679. On the other hand, if the claimant was not

suffering from tuberculosis at the time of the injury, but carried a latent, or quiescent, tuberculous germ or bacilli, and by reason of the injury this was lighted up and made active and his tuberculous condition resulted therefrom, then he would be entitled to compensation. *Railroad Water Co. v. Industrial Commission,* 334 Ill. 52, 165 N. E. 225; *Maurer v. South Penn Collieries Co.,* 295 Pa. 69, 144 Atl. 822.

The case turns to a considerable extent on the testimony taken before the superior court. The medical testimony on the question of whether the tuberculous germ was dormant or active at the time of the injury is in conflict. The trial court, after hearing and considering the testimony, made this finding:

"That for many months subsequent to the date of the injury referred to, the plaintiff did not suffer from the effects of the disease of tuberculosis; that the said injury and the effects thereof lighted up, aggravated and accelerated the latent tuberculous bacilli primarily in the region of the left sacro-iliac joint, and causing the progressive and continuous aggravation and acceleration of said disease until operative treatment became necessary; that there was no tuberculosis of the pulmonary regions or lungs until after operative treatment was given for the relief of the condition in the sacro-iliac region; that the injury was the proximate cause of activating the tuberculosis of the sacro-iliac region and of the lungs."

After reading and considering all of the evidence taken before the department, and also before the superior court, we are of the opinion that the finding of the trial court, to the effect that, at the time of the injury, the tuberculous germ was dormant or quiescent, is sustained by the preponderance of the evidence, and that the *prima facie* effect of the order of the department was overcome. It would serve no useful purpose to review the medical testimony in detail, and would unnecessarily prolong this opinion.

The evidence in this case was very different from that in the case of *Anton v. Chicago, Milwaukee & St. Paul Ry. Co.,* 92 Wash. 305, 159 Pac. 115, much relied on by the department.

The judgment of the superior court will be affirmed.

BEALS, C. J., MITCHELL, MILLARD, and STEINERT, JJ., concur.