[No. 24765. Department Two. January 3, 1934.]

ROY H. REED, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Browder Brown, Assistant*, for appellant.

*O. R. Schumann* and *Don M. Tunstall*, for respondent.

[1]Reported in 27 P. (2d) 1073.

HOLCOMB, J.—This case is here on appeal from a judgment of the court below reversing an order of the industrial insurance division of the department of labor and industries closing the claim of an injured workman.

Respondent was engaged in extrahazardous employment on November 16, 1931, on which day he suffered an injury which he described in his claim to the department as "strained arm, causing bone in wrist to become displaced while lifting 100 lb. sacks of turnips."

Upon the trial of the appeal from the department to the court below, no additional evidence was introduced, but was reviewed on the files and evidence before the supervisor and in two hearings before the joint board. After reviewing that record, the trial court found that respondent is suffering a permanent partial disability; to-wit: a fracture of the scaphoid bone of the left wrist and the destruction of other bones of the wrist, all as the result of the injury sustained on November 16, 1931; that he had not yet recovered from such injury; and that, prior to such injury, there was no preexisting diseased condition of his left wrist, but that the condition of his left wrist is due to the injury which he suffered and the resultant effects thereof. He further found that the closing of the claim of respondent by allowing four weeks' time-loss compensation and allowing no permanent partial disability was erroneous, contrary to the law and the facts, and arbitrary.

Prior to the injury, respondent was an able-bodied man, and never had suffered from any serious illness, such as typhoid or tuberculosis.

There is some conflict in the evidence between the medical experts for the department and one for respondent. Two medical experts for the department never saw the injured wrist until some time after the

date of the accident. They testified that, from their examination, the wrist condition of claimant was due to tuberculosis of the wrist, not the result of any accident. The medical witness for respondent, who showed considerable experience as an X-ray examiner and also as a tuberculosis expert, gave what the trial judge observed was a very logical analysis of the case, to the effect that, after the injury occurred, the tuberculosis germ had found lodgement in the wrist, in which there was "a very evident fracture of the scaphoid bone," as the result of which the condition which was found to exist some time afterwards, took place.

As the sole question to be decided is whether or not respondent, at the time he received the injury to his wrist, was suffering from a preexisting disease which retarded and prevented recovery, we cannot say that the preponderance of evidence is against the finding of the trial court. Cf. *Hadley v. Department of Labor and Industries,* 174 Wash. 582, 25 P. (2d) 1031.

The judgment is affirmed.[*]

TOLMAN, BLAKE, and GERAGHTY, JJ., concur.

BEALS, C. J., dissents.

[*] The foregoing opinion has been amended in accordance with *per curiam* opinion, *infra* p. 705.—REP.