[No. 24956. Department One. June 12, 1934.]

NICK RAY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*L. B. Donley,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court reversing a order of the department of labor and industries closing the claim of Nick Ray.

February 13, 1933, Ray was injured in the region of the right hip, while engaged as a timber faller, which was an extrahazardous occupation. He presented a claim to the department, which was allowed, and he was paid time loss from February 19, 1933, to May 10, 1933, on which latter date the claim was closed. An appeal was taken to the joint board, and evidence was taken before an examiner, which was transcribed and submitted to the board, which sustained the order of the department closing the claim. From the order of the joint board, the claimant appealed to the su-

[1] Reported in 33 P. (2d) 375.

perior court, where the case was heard upon the record made by the department, including the testimony taken before the examiner, and no other evidence was taken. The trial court reversed the order of the joint board, and the department appealed from that order.

■ There is but one question presented upon the appeal, and that is, whether Ray's disability was due to the injury or a pre-existing arthritic condition, and this is purely a question of fact. The evidence shows that, at the time he sustained the injury, he had an arthritic condition which was dormant or latent, and that the injury caused this to become lighted up and made active. Since the injury, he has been unable to work, and whether he will sustain a permanent partial or a permanent total disability could not be determined at the time the evidence was taken, because the condition had not become fixed.

The judgment of the trial court was that the claimant was entitled to time loss until such time as it could be determined whether he sustained a permanent partial or a permanent total disability. The fact that the claimant, at the time of the injury, had an arthritic condition which was dormant and inactive, would not justify the refusal of compensation. If that condition was lighted up and made active by the injury, then the condition was the result of the injury, and not of the previous arthritic condition. *Matela v. Department of Labor & Industries,* 174 Wash. 144, 24 P. (2d) 429; *Hadley v. Department of Labor & Industries,* 174 Wash. 582, 25 P. (2d) 1031; *Anderson v. Department of Labor & Industries,* 174 Wash. 702, 26 P. (2d) 77.

The trial court expressly found, after considering all the evidence, that the claimant's condition was caused by the injury, and that, at the time of the closing of the claim, the condition of the claimant had not become fixed, and was not fixed at the time of the hear-

ing. After considering all the evidence, we are of the view that it decisively supports the finding of the trial court.

The judgment will be affirmed.

BLAKE, MITCHELL, MILLARD, and STEINERT, JJ., concur.