[No. 25066. Department One. August 10, 1934.]

Roy Brittain, *Respondent*, v. The Department of
Labor and Industries, *Appellant*.[1]

*The Attorney General* and *Browder Brown, Assist-
ant,* for appellant.

*Vanderveer & Bassett,* for respondent.

[1]Reported in 35 P. (2d) 49.

MITCHELL, J.—Roy Brittain, on November 7, 1930, while engaged in extrahazardous employment in the woods for Bloedell-Donovan Lumber Company, sustained an injury to his back. The department of labor and industries recognized his claim, and paid compensation for time loss of thirty-four days, following which his claim was closed about December 10, 1930, without any other or further allowance.

Thereafter, April 2, 1932, while engaged in the same kind of employment for the same employer, he received another injury of the same kind and in the same way. The department of labor and industries recognized his second claim, and paid compensation for time loss of fifty days from April 26, 1932, to June 14, 1932, at which time the claim was closed without awarding any permanent partial disability, the order being dated June 30, 1932.

It appears that, on August 15, 1932, he called at the office of the department seeking further compensation or adjustment of his claims. On the following day, August 16, 1932, the assistant medical adviser of the department, upon a personal examination of the claimant on behalf of the department, made and filed a written report as to claimant's condition, upon which report the department, on August 17, 1932, notified claimant that, on account of a preexisting condition of osteoarthritis, as shown by the report, "we are unable to take any further action on your claim. We must refer you to our closing of this claim on June 14, 1932."

Thereafter, on September 30, 1932, well within sixty days after the final closing of the claims the last time, the claimant petitioned the department to reopen both claims on the ground of aggravation of the injuries, and in several enumerated particulars. Thereafter,

October 10, 1932, the department ordered the claimant to appear at its office in Olympia for a special examination on October 17, 1932. Examination was made, and on October 18, 1932, the department entered an order, of which notice was given to the claimant, as follows:

"Our records show that you were examined in this office yesterday in connection with your injuries of April 2, 1932 and November 7, 1930. According to the findings of our medical examiner had it not been for the preexisting condition of arthritis there would have been no disability or pain due to either of these accidents. We must therefore refer you to the notices of closing dated June 30, 1932 and December 10, 1930 and both these claims must remain closed as paid."

On December 13, 1932, claimant petitioned the joint board of the department for a rehearing on both claims, and a rehearing was granted by order entered December 19, 1932.

On the rehearing, testimony was taken from time to time before an examiner or commissioner for the joint board, and upon the filing of a stenographic report of it, the joint board sustained the action of the supervisor in declining to reopen the claims on the ground that the claimant, prior to the dates of the two accidents, was suffering from the preexisting disease of osteoarthritis of the lumbar spine, and that the aggravation of pain, if any, in claimant's back was due to the progress of the preexisting disease and not to the accidental injuries received.

The claimant appealed to the superior court, where, upon trial, findings of fact and conclusions of law were entered in his favor, upon which judgment was entered accordingly. The department has appealed.

The assignments center upon findings 4 and 5, which the appellant claims, in effect, are not justified by a

preponderance of the evidence, or rather that the evidence does not preponderate against the findings of the joint board, which findings are contrary to those made by the trial court. The findings of the trial court are as follows:

"(4) That following the closing of this second claim plaintiff returned to his work but he was never entirely free from pain in his back, and as time went on the pain became more severe, his left hip and leg became weak and he is unable to bend over or stoop without suffering severe pain in his back, left hip and left leg. That this condition grew progressively worse and plaintiff is now permanently disabled from engaging in his former occupation as a logger.

"(5) That prior to his aforesaid accidents and injuries plaintiff was an able-bodied man, always followed the hardest types of manual labor for a livelihood; that he was free from any pain or disability in his back or elsewhere; that as a direct result of said injuries he now has a permanent partial disability of 20 degrees."

As to finding No. 4, that respondent's condition grew progressively worse, the argument is that the claim had been closed on June 30, 1932, and that, under Rem. Rev. Stat., § 7697, he had sixty days in which to petition to the joint board for a rehearing; that his petition for a rehearing was not filed until September 30, 1932, or ninety days after his claim was closed; and that, therefore, there was left for him only one ground for a rehearing, namely: *aggravation of disability* after compensation had been fixed or terminated, as provided by subdivision (h), Rem. Rev. Stat., § 7679. Then follows the further contention that, being limited to showing aggravation of his injuries, the claimant did not meet the burden thus imposed upon him.

Appellant, however, overlooks the proviso in the second paragraph of subdivision (h) of the section, which says:

"That if within the time limited for taking an appeal from an order closing a claim, the department shall order the submission of further evidence or the investigation of any further fact, the time for appeal from such order closing the claim shall be extended until the applicant shall have been advised in writing of the final order of the department in the matter."

Now, as already stated, in less than sixty days after closing the claim on June 30, 1932, namely, on August 16, 1932, claimant was reexamined on behalf of the department by its assistant medical adviser, and upon further consideration of his report, the department, on August 17th, gave the respondent a new ruling against his claim and notified him of it; and still later, October, 1932, the department repeated its line of conduct in this respect by an examination of the claimant, which resulted again in a rejection of both claims.

The situation falls within the proviso in the second paragraph of subdivision (h), above set out, and within the rule of *Taylor v. Department of Labor & Industries,* 175 Wash. 1, 26 P. (2d) 391, and *Bradbury v. Department of Labor & Industries,* 177 Wash. 162, 31 P. (2d) 87.

It follows that the petition for a rehearing before the joint board was in time for a consideration of the claims without being limited to aggravation of disability.

Nor does the fact that the petition for a rehearing before the joint board alleged aggravation of disability limit the inquiry in the manner contended for by the appellant, under the state of the record, for the reasons that, in the hearing before the joint board, it was well understood that the petition was addressed to both claims for injuries, and in the superior court, upon application of the respondent which was not opposed by the department, it was ordered that claimant's petition be amended to conform to the proof in the case.

Upon the merits, it appears that the depart-, ment, in the hearings before it and on the appeal in both courts, has given undue importance to the matter of aggravation of claimant's disability after the formal closing of his claims.

In our opinion, there is but one question presented upon the appeal, and that is, whether Brittain's disability was due to the injuries or a preexisting arthritic condition, and this is purely a question of fact. The department held that the disability was caused by the preexisting disease. The trial court held, in finding No. 5, that, before the accidental injuries, the respondent was an able-bodied man, followed the hardest kind of manual labor, and was free from pain or disability in his back or elsewhere, and that, as a direct result of the injuries, he now has permanent partial disability.

The appellant seems to have relied almost exclusively upon the reported testimony of its assistant medical adviser to the effect that respondent had the preexisting disease of arthritis, which, in his opinion, was the cause of respondent's disability. His conclusion rested largely on an examination he claims to have made, of which he says that the arthritis was caused by infected tonsils, pyorrhea and enlarged prostate which induced infection of the gland. His testimony and conclusions were essentially and directly contrary to all other testimony.

The record shows that respondent weighed about 180 pounds. He testified that he was forty-five years of age, had worked hard all his life, the last six years as a logger—bucking logs in the woods—and before that had been a farmer; that, prior to his first injury, he never had a pain in his back, nor suffered from rheumatism in any part of his body; that he had never had any disease nor been confined in the hospital; that,

after his injuries, especially the second one, he got worse, and soon was unable to do a good day's work, even in his garden, and that one hip and leg became weak, and that such disability was caused by his accidental injuries.

A physician called by the respondent and also the chief medical adviser of the department both testified that, from a personal examination of respondent, they found nothing wrong with respondent's tonsils (except one of them said one tonsil was slightly reddened); that his teeth were natural and free from disease, and that his prostate was normal. Both agreed that arthritis frequently arose from injuries, and one of them said that, in this case, it did so arise, in his opinion; that it is what is commonly known as traumatic arthritis.

The medical adviser of the department, under cross-examination, further testified:

"A. The possibility of lighting up arthritis if it existed there; that is possible; that happens with these cases; they may go along and do hard work, and get along fairly well, and then they have some injury or acute illness, and this thing will flare up. Q. Assuming, without admitting, that the man did have the arthritis spoken of, arthritis of the spine, as shown by these X-rays, prior to the first injury, do you believe the inciting cause of the present disability was the traumatic injuries he sustained? A. It might make the condition worse. . . . Q. Isn't it a common thing and happens frequently? A. Yes; I think it happens frequently until some illness or injury starts it up and calls attention to it."

There is other evidence in the case strengthening the views and conclusions we reach, which, we think, need not be set out in detail. Upon consideration of all the evidence, it clearly overcomes, in our opinion, the statutory *prima facie* correctness of the decision of

the department and preponderates in favor of the findings and conclusions of the trial court.

The judgment of the superior court is affirmed.

BEALS, C. J., STEINERT, MILLARD, and MAIN, JJ., concur.