[No. 25749. Department Two. December 9, 1935.]

P. J. JOHNSON, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Clarence J. Coleman,* for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent.

BLAKE, J.—The controlling facts in this case are not in dispute. Plaintiff, while engaged in extrahazardous employment, sustained an injury to his right arm. He was allowed time loss for four months. His claim was

[1]Reported in 52 P. (2d) 310.

then closed by the department, with an award of four degrees for partial permanent disability. He appealed to the joint board, which sustained the order of the department. From these orders, he appealed to the superior court, which entered judgment sustaining the department and the joint board and dismissing the action. Plaintiff appeals.

At the time of the injury, there was an arthritic condition in appellant's right elbow. It was, however, quiescent. The function of the arm was unimpaired. At the time of the injury, appellant was engaged as a city bus driver in Everett for the North Coast Transportation Company. At odd times, he worked as brakeman or freight man on the interurban run between Everett and Seattle. He had been so employed for about five years. Prior to that, he had been engaged in railroad work in various capacities—conductor, brakeman, switchman. Before he was injured, he had been able to perform the heavy work incident to these occupations without hindrance from his right arm.

After the injury, the use of his right arm was impaired to the extent of thirty or thirty-five per cent. The arm could be straightened only to an angle of seventy-five degrees. It could be flexed to an angle of only forty-five degrees. Rotation was impaired twenty-five per cent. Since the injury, appellant has been unable to carry so much as a pail of water in his right hand.

Had the arthritic condition not been present, he would have recovered from the injury within six weeks. Had the injury not occurred, it is problematical whether active arthritis ever would have developed.

These facts bring the case within the rule of *Ray v. Department of Labor & Industries,* 177 Wash. 687, 33 P. (2d) 375, and *McGuire v. Department of Labor & In-*

*dustries,* 179 Wash. 645, 38 P. (2d) 266. For it is clear that the impairment of the arm is due to an arthritic condition awakened into activity as a direct consequence of the injury.

The judgment is reversed, and the cause remanded with directions to refer the claim to the department for allowance as provided by statute.

TOLMAN, BEALS, HOLCOMB, and MAIN, JJ., concur.