[No. 25924. Department One. April 14, 1936.]

CHARLES PULVER, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 56 P. (2d) 701.

*Kenneth Durham,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

GERAGHTY, J.—Charles Pulver, a single man forty-five years of age, who will hereinafter be referred to as the claimant, on January 27, 1934, sustained an injury while engaged in extrahazardous work, as defined by the workmen's compensation act.

As claimant was attempting to dislodge a barrel of asphalt, weighing some four or five hundred pounds, from the sand or earth into which it had settled, he suffered a sharp and severe pain in the region of the right sacroiliac joint and right kidney. Being thereafter unable to work, he consulted a doctor, and within a few days his claim for benefits under the compensation act was filed with the department of labor and industries. In due course, the claim was approved, and the claimant was classified as having a temporary total disability. April 23 following, the claim was ordered closed with a temporary total disability award to May 3, 1934. Claimant then filed an application for rehearing before the joint board, upon the sole ground of a disability from the injury to his kidney. This application was granted, and the rehearing commenced June 20, 1934.

The record discloses that, after claimant's witnesses had been examined at this rehearing, the proceedings were adjourned and not resumed until January 12, 1935, at which time the department's two witnesses, one a kidney, and the other an orthopedic, specialist, were examined. One of these doctors had previously examined claimant on August 21 and the other on October 2, 1934. The first mentioned specialist found no disability from the kidneys. The second found the claimant was suffering from osteoarthritis, but ex-

pressed the opinion that it was caused by a focal infection and not by the injury. March 25, 1935, the joint board made the following order:

"It is hereby ordered that the Supervisor be reversed with instructions to reopen the claim, award the claimant full time loss from the date of closing to June 18, 1934; 50% loss of earning power award from June 18, 1934, to October 2, 1934, and to close the claim without permanent partial disability, that a segregation be and hereby is made pursuant to Subdivision L of Section 7679 of the Workmen's Compensation Act for pre-existing disease of focal infection."

From this order, the claimant appealed to the superior court. The court, upon the departmental record, dismissed the appeal and affirmed the joint board's order. This appeal follows.

On August 7, after the adjournment of the hearing, the joint board requested a doctor to examine the claimant "to determine his present condition" and "whether his present condition is due to that injury," and, on September 21, three months after the claimant had presented his case on rehearing, a similar letter was written to another doctor. The department's evidence, embracing the testimony of these doctors, was not presented until January 12, 1935. Thus, it will be observed that the claimant's case was directed against the order of April 23, 1934, while the department's case, presented many months after that order, dealt with the condition of the claimant at a considerably later date.

■ The contention of the department that, on this appeal, the claimant must be confined to the claim made upon his application for rehearing, limited to the kidney disability, is without merit, inasmuch as the joint board, not content with the claimant's diagnosis, broadened the scope of its inquiry so as to include both

the kidney trouble and the osteoarthritis. The department, after thus broadening the inquiry and finding the claimant suffering from injury to the sacroiliac joint, and awarding some measure of compensation therefor, may not now be heard to say that claimant must rest his case solely on his claim for kidney injury.

▇ The evidence of the department's bone expert seems decisive of this appeal in claimant's favor. From this testimony, it must be found that the claimant was suffering, as late as October 2, 1934, from osteoarthritis in the sacroiliac joint and the space between the fifth lumbar and the sacrum. This doctor was very certain that the claimant had arthritis prior to the injury, even though this condition had not manifested itself, and that this arthritis was due to a focal infection existing about the teeth and in the tonsils. But there is no evidence whatever to the effect that the accident did not light up the arthritis and make it active; on the contrary, this sole witness for the department, testifying upon this subject, agreed that probably, because of the injury, the toxin from the mouth and throat localized at the place of the injury, although had it not been for this toxin, the plaintiff would have recovered from the injury in the course of two or three months.

The fact that the claimant had no symptoms of the disability from the arthritis prior to the injury, and that, from the department's own testimony, the injury made the arthritis active, and localized it at that point so as to disable the claimant, brings the case within the principle announced in *Ray v. Department of Labor & Industries,* 177 Wash. 687, 33 P. (2d) 375, wherein this court said:

"The fact that the claimant, at the time of the injury, had an arthritic condition which was dormant

and inactive, would not justify the refusal of compensation. If that condition was lighted up and made active by the injury, then the condition was the result of the injury, and not of the previous arthritic condition.''

Other cases supporting this principle are: *Hadley v. Department of Labor & Industries,* 174 Wash. 582, 25 P. (2d) 1031; *Sweitzer v. Department of Labor & Industries,* 177 Wash. 28, 30 P. (2d) 980, 34 P. (2d) 350; *Brittain v. Department of Labor & Industries,* 178 Wash. 499, 35 P. (2d) 49; *Rikstad v. Department of Labor & Industries,* 180 Wash. 591, 41 P. (2d) 391.

We conclude from the department's own testimony that the disability resulting from the combined effect of the injury and the pre-existing disease of arthritis is compensable under the workmen's compensation act.

The judgment is reversed, and the case remanded to the superior court with direction to enter judgment reversing the joint board and return the claim to the department for further consideration of the claimant's case.

MILLARD, C. J., TOLMAN, MITCHELL, and STEINERT, JJ., concur.