[No. 25753. Department Two. September 28, 1936.]

HARVEY ELLIOTT, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 61 P. (2d) 291.

*Vanderveer & Bassett,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

Main, J.—This is an appeal from a judgment of the superior court affirming an order of the department of labor and industries closing an injured workman's claim with an allowance of permanent partial disability of one degree.

The claimant, and appellant, was injured on or about July 25, 1931, while engaged in extrahazardous work. He filed a claim with the department of labor and industries, which, on August 27, 1931, was closed with the allowance, as above stated, of one degree permanent partial disability. From this order of the department, the claimant appealed to the joint board, which appeal was granted. While the appeal was pending, the claimant filed a petition asking that the department authorize an operation upon him, which the department declined to do. Before the claim was finally closed, the claimant was operated upon by a surgeon, at his own request, and it is here claimed that he is entitled to his hospital and surgical expense, as well as time loss during the time he was disabled from work.

The injury for which the claim was filed was a sprained back, and the claimant had two prior injuries of the same kind, for each of which he was allowed time loss, and each of which was closed without any allowance for permanent partial disability. The claimant

had a congenital malformation of the spine which made it subject to sprain when he was engaged in heavy manual labor. He had six lumbar vertebrae, or one more than normally found in the human spine. In the opinion of the physicians, the presence of an extra lumbar vertebra tended to weaken the spinal column, in the sense that it was more susceptible to sprains. The operation performed, as appears from the evidence, was successful, and left the claimant's back in a better condition than it was prior to the accident.

The principal question appears to be whether the claimant was entitled to the expense which he had incurred attendant upon the operation; and he relies upon the cases of *Hadley v. Department of Labor & Industries*, 174 Wash. 582, 25 P. (2d) 1031, *Johnson v. Department of Labor & Industries*, 184 Wash. 567, 52 P. (2d) 310, and others that might be cited, which hold to the effect that, where there is a dormant tuberculosis germ or arthritic condition which is lighted up and made active by an accident, the injured person is entitled to compensation for the disability which he has suffered, because in such cases his condition is due to the accident.

That rule, however, has no application to the present case. Here, after the operation, the claimant had a better back than he had at the time of birth, and the department, under the cases cited, was only required to compensate him to the extent of his condition prior to the accident. The cases referred to are on the theory that, the accident having lighted up the dormant condition, the injured person was entitled to compensation based upon his previous condition, and not upon the theory that he was entitled to be placed in a better physical condition than he was at the time of the accident.

This, however, does not dispose of the case. The

evidence shows that, at the time the claim was closed, the claimant had not recovered from the accident, and that his permanent partial disability had not become fixed. Before an allowance is made for a permanent partial disability, that condition should reach a fixed state. *Ray v. Department of Labor & Industries*, 177 Wash. 687, 33 P. (2d) 375. This is a case where the department had the authority to determine the extent of the injury that was due to the weak back and what was due to the accident.

Rem. Rev. Stat., § 7679 [P. C. § 3472] sub. (g), provides that, should a workman receive an injury to a member or part of his body already from "whatever cause permanently partially disabled," but not resulting from permanent total disability, his compensation for such permanent partial disability

". . . shall be adjudged with regard to the previous disability of the injured member or part and the degree or extent of the aggravation or increase of disability thereof."

This statute gives the department the authority to determine, in the exercise of its judgment or discretion, to what extent the disability was due to the previous weakness of the back, and to what extent it was due to the injury. The difficulty of applying this statute, under the facts of the present case, is at once apparent, in view of the fact of the claimant's operation prior to the time that his permanent partial disability, if any, had become fixed, and prior to the time that he had recovered from the accident. The question, however, is subject to reasonable determination by the opinion of physicians and surgeons, especially the two that examined him prior to the operation, one of whom performed the operation.

The claim having been prematurely closed, there is but one alternative, and that is to direct it to be re-

opened and the claimant allowed the compensation to which he may be entitled, as herein indicated.

The judgment will be reversed, and the cause remanded for the superior court to direct the department of labor and industries to reopen the claim.

MILLARD, C. J., HOLCOMB, BEALS, and BLAKE, JJ., concur.

